A. A. BLUMENTHAL, Respondent, *v.* CATHERINE MUGGE, Appellant.

1. *Revenue — Evidence — Tax Books, certified copies of.*—Where a witness testified, without objection, to the assessment and amount of city, State, and county taxes, and to the payment of them by himself, and there was no countervailing proof in regard to the assessment and amount of taxes, the evidence was sufficient to prove the existence of the taxes, without a resort to the certified copies of the tax books.

*Appeal from St. Louis Circuit Court.*

*F. & L. Gottschalk,* for appellant.

The court admitted improper evidence. The suit was founded upon an agreement that defendant should pay the taxes which should legally be assessed against the property; it was necessary, therefore, for plaintiff to prove that certain taxes were legally assessed. For this purpose, the two tax bills were offered in evidence and objected to by defendant, and admitted against his objections. These tax bills were no evidence for any purpose: (*a*) Because they were mere copies. (*b*) Because they were not properly certified, the city tax bill not having the seal annexed. The law nowhere states that attested copies of tax bills shall be evidence. (*c*) Because plaintiff had to prove that these taxes were legally assessed. The tax bills neither show who assessed the taxes nor when they were assessed, nor that any taxes were assessed at all. The so-called county tax bill is a mere receipt, and also embraces personal property of plaintiff. (*d*) Because they were not any evidence whatever to show that the taxes had been assessed. This must be done by the assessor's oath. This was all the evidence to prove that taxes had been assessed, and of the amount.

*John N. Straat,* for respondent.

The court committed no error in admitting the proof of the assessment of taxes against the property in question. The proofs of said assessment did not consist of the tax bills, but consisted of true copies of the original assessment books, properly certified

by the official custodians of said books. The original tax or assessment books are the best and only evidence of the assessment of taxes against the property listed in them; and true copies thereof are competent proof of the fact of such assessment, as the originals are public records belonging in particular public offices, and ought not to be removed therefrom at the will of any person who may have occasion to prove the assessment of a tax against any particular property; hence, certified copies of such books are proper and competent proofs.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff brought two suits against the defendant before different justices. These suits were appealed to the Circuit Court, and then consolidated by consent of parties, as the record shows. A jury trial followed, which resulted in a verdict and judgment for the plaintiff.

The defendant rented certain premises of the plaintiff, for the use of which she was to pay $50 monthly, and the taxes. The plaintiff claims that she failed to pay the taxes for the year 1866, and that he was obliged to pay them in consequence, and did so, amounting to $108.05 in all. The suits were brought to cover the amount of these taxes. The defenses relied on and put to the jury by the defendant's instructions, given by the court, were, substantially: first, that the defendant was released from her obligation to pay these taxes in consequence of the breach on the part of the plaintiff of a verbal agreement to lease the premises in question for a term of five years; and second, that the defendant had, in fact, settled and paid the taxes. In support of this second ground of defense, a receipt signed by the plaintiff, dated March 16, 1866, and expressed to be in full of rent and taxes to that date, was read in evidence in behalf of the defendant.

Although both these grounds of defense seem to admit the assessment and legality of the taxes, the plaintiff testified, without objection, to the assessment and the amount of city, State, and county taxes for the year 1866, as well as to the fact of payment of them by himself. There was no countervailing proof in regard to the assessment and amount of taxes. The evidence

in regard to the existence of the taxes was sufficient to sustain the action of the court and jury so far as that matter is concerned, without a resort to the certified copies from the tax books (exhibits A and B) ; and we lay these papers out of the case. Their introduction was alike superfluous and harmless.

The instructions given by the court placed the law fairly before, the jury ; and, upon an inspection of the whole record, the judgment appears to have been for the right party, and is therefore affirmed. The other judges concur.