Kaufmann v. Cooper.

## M. J. KAUFMANN v. WILLIAM J. COOPER ET AL.

FILED JANUARY 9, 1896. No. 5899.

1. **Contracts to Erect and Repair State Buildings: BONDS.** It is within the province of the proper officers of the state in entering into an agreement on behalf of the state, with a contractor, for the erection or repair of its buildings, or additions thereto, to require the insertion of a condition in the contract and the bond executed to secure its faithful performance, whereby the contractor agrees to pay for all labor performed or material furnished him in completing such contract, and the right to exact such a condition exists independent of statutory provision conferring it, nor does the absence of statutory provision authorizing it render such a condition in a contract illegal or void.

2. ———: **CONSIDERATION.** A promise made by one person to another for the benefit of a third person may be enforced by such third person, notwithstanding the consideration did not move directly from him.

3. ———: ———. The granting of a contract by the state for the construction of a building for it, or additions or repairs to buildings, is a sufficient consideration to sustain a promise on the part of the contractor to pay for all labor and material supplied him in the performance of the agreement.

4. ———: **BONDS: LIABILITY OF SURETIES.** A contract was awarded by the state for furnishing material and performing labor in and upon the industrial home at Milford, by one provision of which the contractor was to be paid eighty-five per cent of monthly estimates made by a superintendent of construction, as the work progressed, and the balance on the full completion and acceptance of the work. *Held*, That the condition in the bond given by the contractor, by which the payment of all accounts for labor and material furnished him for such purpose was secured, was not rendered nugatory, so far as the liabilities of the sureties were concerned to laborers or furnishers of material, by reason of payment to the contractor made in excess of an estimate of the superintendent of construction.

5. ———: ———: ———. The firm of Symonds & Blake was awarded a contract by the state for the performance of certain labor in and about the industrial home at Milford, and gave a bond, to secure, among other things, the full payment of all

claims of laborers, mechanics, or furnishers of material. Plaint-iff contracted with such firm to furnish material for use in the performance of its agreement with the state. Soon after the firm of Symonds & Blake contracted with the state, and fur-ther contracted with the plaintiff to furnish it material, Sy-monds withdrew from the firm, and S. C. Blake, the other member of the firm, or S. C. Blake & Co., composed of S. C. Blake and one Godfrey J. Kaufmann, who became a part-ner of Blake's when Symonds retired from the firm, or it was dissolved, succeeded to the rights of Symonds & Blake in the contract with the state, and the plaintiff furnished material in accordance with the terms and under the agreement made with Symonds & Blake.  *Held*, That the sureties in the bond were not released from their obligation to pay claims for labor or material, by the dissolution or change in the firm of Symonds & Blake, and an action on the bond could be maintained against them thereon by plaintiff for any balance due on account of material furnished S. C. Blake, or S. C. Blake & Co., for use in the execution of the contract with the state.

6. **Review.**   If the evidence is sufficient to sustain the findings of a jury they will not be disturbed.

7. **Briefs :** Assignments of Error.   Assignments of error which are not noticed in the brief of plaintiff in error will be treated as waived.

8. **Assignments of Error.**   Alleged errors in regard either to giving or refusing instructions should be separately assigned, and if assigned in a group will, as to either one, be examined no further than is necessary to ascertain that the action as to any one of the instructions of each of the groups was proper.

9. **Instructions:** Review.   A verdict will not be set aside for pos-sible errors in giving instructions where it is clear that the er-ror, if any, could not have prejudiced the rights of the complain-ing party.

Error from the district court of Lancaster county. Tried below before Tibbets, J.

*Guy R. C. Read* and *W. A. Williams,* for plaintiff in error.

*William Leese* and *John M. Stewart, contra.*

HARRISON, J.

The petition in this action stated that on the 29th day of June, 1889, Symonds & Blake were awarded and entered into a contract with the state to furnish materials for and perform certain labor upon and about the industrial home at Milford, and executed and delivered to the state a bond for the faithful and full performance of the contract, J. W. Foster and M. J. Kaufmann signing such bond as sureties; that the bond contained the following conditions: "The condition of the above obligation is such that the above bounden Symonds & Blake have been awarded the contract to furnish all the materials and labor and skill necessary to the purpose, and to erect, construct, and fully complete, in a good and workmanlike manner, for the use of the industrial home at Milford, Nebraska, the steam heating, gas fitting, plumbing, ventilation, sewerage, windmill, well, and three cisterns, all to be in strict conformity to the plans, specifications, and detailed drawings now on file in the office of the commissioner of public lands and buildings at Lincoln, Nebraska, and to pay off, in full, all claims that may become due for laborers' and mechanics' wages or for materials furnished in or about said contract. Now if the above bounden Symonds & Blake shall well and truly keep and perform each and every covenant, promise, and agreement contained in said contract at the several times, and in the manner therein stated, and fully pay all claims due for laborers, mechanics, or furnishers of materials, then this obligation to be void; otherwise to be and remain in full force and virtue in law." Copies of the contract, the bond, and an itemized statement of the account for material which the party in whose favor the action was instituted claimed to have furnished, were attached to the pleading. To the action there was but one appearance on the part of the defendants, that of Kaufmann, one of the sureties on the bond. In his answer he denied that the

material was furnished to Symonds & Blake or by virtue
of the contract with them, or that the fact that the bond
existed was any inducement to the plaintiff in the action
to extend the credit to the parties to whom it was given,
and alleged affirmatively that if the plaintiff furnished
any material it was to S. C. Blake & Co., and upon the
credit of such firm, and without reference to the contract
with Symonds & Blake; that the provision of the bond
hereinbefore quoted was exacted wrongfully and contrary
to legal right, and hence was void; that the firm of Sy-
monds & Blake assigned its contract to S. C. Blake & Co.,
which was known to plaintiff, and such assignment was
acquiesced in or ratified by the state; that the contract con-
tained a provision that Symonds & Blake were to receive
for furnishing the material and performance of labor as
therein stated the sum of $3,039 "at the times and in the
manner following: Eighty-five per cent of the monthly
estimates made by the superintendent of construction, as
the work progresses; and the balance to be paid when the
said contract has been fully completed and tested and ac-
cepted by the board of public lands and buildings;" and
that a payment was made to plaintiff without any estimate
being made by the superintendent of construction, and other
and further payments were made so that in the aggregate
they amounted to more than eighty-five per cent of the
estimates made during the progress of the work, of all of
which these plaintiffs had knowledge and approved; that
of and to the doing of these things, all and singular, the
answering defendant was not informed, had no knowledge,
gave no consent, and his discharge as surety was thereby
effected. The reply was a general denial. There was a
trial and a verdict and judgment for plaintiff. The de-
fendant Kaufmann, of the sureties on the bond, presents the
case here for review.

We will first notice the portion of the contention on be-
half of the surety Kaufmann, in which it is asserted that he

was discharged from any obligations he had assumed as such surety (1) by the payment of $500 to the plaintiff without any estimate of the superintendent of construction as a basis or authority for such payment, and (2) by the payment of more than eighty-five per cent of an estimate made of the amount due plaintiff by the superintendent of construction. It may be said in regard to the second of these points that the aggregate sum of eighty-five per cent of an estimate made by the superintendent during progress of the work, of the amount due plaintiff, and the alleged prior payment of $500, the basis of the first point mentioned, would make the payments just $500 more than the amount of the estimate; or, in other words, it is claimed that $500 were paid to plaintiff prior to any estimate made, and that, combining it with the payment made on a subsequent estimate, the whole amount of the payments was in excess of eighty-five per cent of such estimate. The promise in the bond to pay the laborers and parties furnishing material was for their benefit, and in an action thereupon by either it was enforceable, notwithstanding the act or acts of the state in making the alleged payments, which, in an action by the state against the contractor principal in the bond for a default in any of its conditions, might have precluded a recovery and have constituted a defense for the sureties on the bond, and released them from liability thereon (which we do not decide), and the sureties were not released from their obligations to either laborers or material-men whose valid claims were unpaid. (*Doll v. Crume,* 41 Neb., 655.) In the case cited the doctrine was applied to a state of facts which disclosed a payment on an estimate, in excess of the per cent which, according to the terms of the contract, was to be paid upon estimates, but is equally forcible where, as in the case at bar, a payment has been made unauthorized by an estimate, the reason which supports the rule being in all respects as pertinent and cogent in reference to the latter phase of the case as to the former

one, or the one as to which it was declared in the case to which we have called attention.

It is urged that the bond, in the particular condition which was made the basis of this action, was illegally required and exacted, was without warrant or authority of law; that inasmuch as the statutes governing the subject involved directed that a bond be taken, and prescribed a number of particulars to be covered by conditions inserted therein, and did not include the subject of payment to laborers or furnishers of material, the provision in the bond which covered this particular, not coming within the direct requirements of the statutory provisions, was illegal, unauthorized, and void, and hence not enforceable. A similar question has been presented to, considered, and determined by this court, and it has been decided that it was within the province of the proper officers of the state, upon whom it devolved to let such contract, to exact a bond containing a condition in relation to the payment of laborers' wages and the accounts of parties who had furnished material, and it was held that such a condition was valid and any liability arising thereunder could be enforced. (*Sample v. Hale*, 34 Neb., 220; *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb., 649.)

It is also urged that the plaintiff was not a party to the bond, and that no action could accrue or be based thereon in its behalf. A precisely similar question to this one has been heretofore discussed in and by this court, and it was then held that the promise set forth in the condition of the bond under consideration was for the benefit and an action arose thereon in favor of the laborer to whom wages remained due or to the furnisher of material whose account or any portion thereof was unpaid. (*Doll v. Crume*, 41 Neb., 655; *Lyman v. City of Lincoln*, 38 Neb., 794; *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb., 649; *Sample v. Hale*, 34 Neb., 220.)

It is also urged that by the dissolution of the firm of

Symonds & Blake, and the transfer of the contract to fur-
nish the material and perform the labor to S. C. Blake &
Co., or by the new firm assuming its performance, the
sureties on the bond were not bound to pay the account for
material furnished by plaintiff to the latter firm for use in
the performance of the contract with the state under the
contract it had made to do so with Symonds & Blake.    It
is disclosed by the evidence that soon after the firm of
Symonds & Blake had entered into the contract with the
state, and had further contracted with the plaintiff for the
furnishing by it of the material, Symonds withdrew from
the firm and S. C. Blake, or S. C. Blake & Co., which con-
sisted of S. C. Blake and one Godfrey J. Kaufmann, who
became a partner with Blake at the time Symonds retired
from the firm of Symonds & Blake and it was dissolved,
succeeded to all the rights of the old firm in the contract
with the state, and the plaintiff furnished to S. C. Blake
& Co. the material for use in the fulfillment of the contract
with the state which it had contracted to furnish to Sym-
onds & Blake.    Under these circumstances the sureties on
the bond were not released and an action on the bond
could be maintained against them by plaintiff for the un-
paid amount due it on account of material furnished to
Blake, or S. C. Blake & Co., for use in the performance of
the contract with the state. (17 Am. & Eng. Ency. of Law,
p. 1150; *Freeman v. Berkey,* 48 N. W. Rep. [Minn.],
194; *Abbott v. Morrissette,* 48 N. W. Rep. [Minn.], 416;
*Sepp v. McCann,* 50 N. W. Rep. [Minn.], 246; *French v.
Griffin,* 10 S. E. Rep. [N. Car.], 166.)

It is urged that the testimony does not show that the
material stated in the account, upon which this suit was
based, was used in the construction of the "industrial
home."    The evidence was sufficient to sustain the finding
of the jury in respect to this branch of the case, and in
accordance with a well established rule of this court, it will
not be disturbed.   Errors were assigned of the action of the

trial court in admission of evidence, but they were not argued in the brief of plaintiff in error, hence will be treated as waived.

It was assigned that the court erred in giving instructions 1 and 2 of the instructions given on its own motion. Of these instructions No. 2 was clearly pertinent and proper, and this being ascertained, no further examination of these instructions need be made, as the alleged errors were not separately assigned.

Complaint was also made that the court erred in refusing to give instructions 1, 2, 3, 4, 5, and 6, asked by the plaintiff in error. These instructions were framed and submitted in support of the views of counsel for plaintiff in error in relation to the questions involved in the case, and, according to our determination of such questions, were, several of them, clearly erroneous and improper, one of which was that numbered 2, and as they were grouped in the assignment which referred to them, having concluded that one was incorrect and properly refused, it disposes of the entire assignment.

The action of the court in giving instructions numbered 1 and 2, requested by the plaintiff in that court, was assigned as error. These instructions do not conflict materially, if at all, with the views herein expressed in regard to the proper disposition to be made of the issues in the case, under the facts as developed in the evidence. There is nothing in them which could prejudice the rights of the complaining party, and their giving was not error. The judgment of the district court is

AFFIRMED.