ISAAC N. HICKMAN V. JOHN LAYNE ET AL.

FILED FEBRUARY 18, 1896.    No. 6005.

1. Action on Contractor's Bond for Price of Material Used in Public Building: JUDGMENT FOR SURETIES. Evidence examined, and *held* to support the verdict.

2. Instructions: ASSIGNMENTS OF ERROR. Instructions given and refused not reviewed because insufficiently assigned for error in the motion for a new trial.

3. Trial: EVIDENCE: MISCONDUCT OF JURY. Plaintiff introduced in evidence an itemized account of materials furnished, which the jury took to their room when considering of their verdict. *Held,* Not prejudicial error.

16

4. **Review:** EVIDENCE. Error cannot be predicated on the admission of certain testimony, where ample testimony of the same nature was admitted without objection.

5. **Opening and Closing.** The party upon whom rests the burden of the issue is entitled to open and close the evidence and arguments to the jury on the trial of the cause.

6. ———. Where the party holding the affirmative waives the opening argument to the jury, he is not thereby deprived of closing the case, after his adversary has made his argument.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*John M. Stewart* and *William Leese,* for plaintiff in error.

*Pound & Burr, contra.*

NORVAL, J.

This action was brought upon the bond hereinafter mentioned by Isaac N. Hickman against John Layne and Fred W. Krone, partners as Layne & Krone, George Martin, N. Westover, George Sherer, A. B. Beach, J. E. Stockwell, N. N. Menard, Fred Voight, and W. Henegan to recover for materials alleged to have been sold and delivered to Layne & Krone by one John Ellis, and used by them in the erection, for the state, at Beatrice in 1887, a building for the institution for the feeble-minded. Layne & Krone entered into a written contract with the board of public lands and buildings to furnish the materials and labor and to erect said building for a stipulated price, payable as the work progressed on the monthly estimates of the superintendent of construction, which contract contained a provision to the effect that Layne & Krone should pay off and settle in

full with all parties entitled thereto claims that should become due by reason of labor and materials furnished or used in the construction of the building. A bond for the faithful compliance with the contract was given to the state by Layne & Krone, which was also signed by the other defendants, some of them as sureties and others as witnesses to its execution merely. This bond, with the exception of the parties, date, and amount of the penalty, being identical with the one involved in *Sample v. Hale*, 34 Neb., 220, will not be set out in this opinion. Subsequent to the execution of the bond and contract aforesaid John Ellis furnished the contractors the stone and concrete used in the building, amounting to $2,124.16, upon which has been paid $1,902.02, and no more, leaving a balance due therefor of $222.14. The account for the materials so furnished has been duly transferred by Ellis to this plaintiff, who brings this action to recover said balance against the principals and sureties upon said bond. Layne interposed no defense. The other defendants answered the petition by a general denial, and as a second defense alleged that prior to the furnishing of the materials, for which compensation is demanded, the firm of Layne & Krone had dissolved, said Krone retiring from the firm, of which plaintiff and his assignor had knowledge and notice, and that Layne alone is liable for the payment of said materials. By stipulation of the parties in open court the jury returned a verdict for Menard, Voight, and Henegan, they having signed the bond as witnesses. The jury found for plaintiff against the defendant Layne for the full amount claimed, and also in favor of the other defendants.

That the bond given to the state inured to the benefit of the subcontractors of Layne & Krone, and that such subcontractors could maintain an action for a breach of the conditions of the bond, is settled by repeated decisions of this court. (*Sample v. Hale*, 34 Neb., 220; *Habig v. Layne*, 38 Neb., 747; *Lyman v. City of Lincoln*, 38 Neb., 794; *Doll v. Crume*, 41 Neb., 655; *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb., 649; *Kaufmann v. Cooper*, 46 Neb., 644.) The first question, therefore, to be considered is whether the materials, for the value of which this suit is brought, were furnished by plaintiff's assignor, Ellis, to the firm of Layne & Krone or under a contract with them, or to John Layne alone on his individual account. The partnership of Layne & Krone was dissolved on November 9, 1887, the defendant Krone retiring from the firm, and the business was thereafter conducted by Layne in his own name, who completed the building. A considerable portion of the materials had already been furnished by Ellis at the date of said dissolution, and payment therefor has been made. The amount claimed in this action is for a part of the materials delivered since November 9. It is claimed by plaintiff in argument that all the materials were delivered under a contract entered into by Ellis with Layne & Krone about October 1, 1887, and during the existence of the partnership. This the defendant insists is incorrect. The testimony on behalf of the plaintiff adduced on the trial, and which is embodied in the bill of exceptions, fully sustains the theory and contention of the plaintiff. On the other hand, the inference could be properly drawn from portions of the testimony of the defendant Layne that no contract was made with his

firm, whereby it agreed to furnish any certain amount of stone for the erection of the building; that prices were named on the different kinds of stone, but the firm did not agree to take, nor did Ellis agree to deliver what stone should be required to complete the building or any part thereof; that the stone was ordered as it was needed from time to time; that after the dissolution in the name of Layne, and a portion of this was paid by the individual check of the latter. While the testimony of this witness is in some particulars weak and evasive, we cannot say that the jury were not warranted in finding that the materials in dispute were not furnished under and in pursuance of a contract with the firm of Layne & Krone, although the preponderance of the evidence would have justified a different conclusion. In this connection it may not be amiss to state that no express contract with Layne & Krone for the furnishing of the materials is averred in the petition, the allegation being that they were furnished at their request. It is true, as argued by counsel, that partners are not released from unfulfilled contracts and obligations by the dissolution of the firm. Such was the decision in *Swobe v. New Omaha Thomson-Houston Electric Light Co.*, 39 Neb., 587. But this principle could only be invoked by the plaintiff in case he established that Layne & Krone agreed with Ellis to take from him all the stone required for the erection of the building, and all that was received was delivered under such agreement. The jury having found against the plaintiff on the facts, the principle of law invoked by plaintiff that partners cannot by dissolving release themselves from unfulfilled contracts is not applicable to the case under consideration.

Complaint is made in the brief of the third and fourth instructions given by the court on its own motion, and the refusal to give the plaintiff's third, fourth, and sixth requests. The court's charge consists of five separately numbered paragraphs, and the giving of them all, as well as the three requests refused, is assigned for error in the motion for a new trial as follows:

"5. The court erred in giving paragraphs of instructions numbered 1, 2, 3, 4, 5 on its own motion.

"6. The court erred in refusing to give paragraphs of instructions numbered 3, 4, and 6, asked by the plaintiff."

The first and second instructions were properly given. The first briefly stated the nature of the action, and the second told the jury that, under the stipulation of the parties, they should return a verdict for Menard, Voight, and Henegan. There being no error in either of these instructions, the fifth subdivision of the motion for a new trial was not well taken. It is needless to cite authorities in support of this familiar rule.

Plaintiff's fourth request was as follows: "If you find from the evidence that the plaintiff entered into the contract with Layne & Krone to furnish the material sued for prior to a dissolution of such firm, but did not deliver the same until after a dissolution, both Layne & Krone, together with the sureties on their bond to the state, would be liable for any balance due plaintiff for such material." The doctrine enunciated in this instruction is clearly expressed in the fourth paragraph of the charge to the jury. It was not error to decline to repeat it. The request being properly denied for the reason stated, the assignment based upon the refusal of instructions must

be overruled without considering the other requests of which complaint is made.

Plaintiff introduced in evidence his itemized account of the stone furnished, and over his objection the jury were permitted to take the same to their room when considering of their verdict. Error is assigned upon this action of the court. We fail to comprehend how plaintiff could have been prejudiced by allowing the jury to inspect the account, since it was introduced by himself. True, it was made out against Layne alone, but if plaintiff had any explanation to make concerning that matter he should have done so in his testimony. This he did not do, and this circumstance may have militated against him with the jury. If so, he has no one but himself to blame therefor.

It is next argued that error was committed in permitting the witnesses Coldiron and Cain to give testimony to the effect that the dissolution of the partnership between Layne & Krone was a general subject of conversation in and about the building in question during its erection. To this argument there are two answers. In the first place, while objection was made by plaintiff to this class of testimony, one if not both of the witnesses named testified to the same fact without any objection whatever. Again, the purpose of this testimony was to show that Ellis had notice or knowledge of the dissolution. Whether such evidence was competent or not we shall not determine. It is enough to know that Ellis himself testified that he was cognizant of the report current on the streets that Layne & Krone had dissolved, and it is undisputed that Layne told him of the dissolution soon after it occurred. Plaintiff's assignor having had actual notice of

the dissolution, the testimony of the two persons mentioned, if erroneous, was error without prejudice.

It is finally urged that the trial judge committed an error in refusing to permit counsel for the plaintiff to make the closing address to the jury. It appears from the transcript of the journal entry of the case that after the evidence on both sides was adduced, counsel for the plaintiff waived the opening argument, and after the summing up by counsel for defendants was made defendants objected to plaintiff's counsel making the closing argument, which objection the judge sustained, and an exception was taken to the ruling. Section 283 of the Code of Civil Procedure specifies the order of proceedings in jury trials, which order must be followed unless the court otherwise directs. The sixth subdivision of this section reads thus: "Sixth—The parties may then submit or argue the case to the jury. In the argument, the party required first to produce his evidence shall have the opening and conclusion." Under this provision the party having the affirmative of the issue, or against whom judgment would have gone had no evidence been introduced, has the right to open and close the argument to the jury. (*Vifquain v. Finch*, 15 Neb., 505; *Rolfe v. Pilloud*, 16 Neb., 21; *Omaha & R. V. R. Co. v. Walker*, 17 Neb., 432; *Osborne v. Kline*, 18 Neb., 344; *Rca v. Bishop*, 41 Neb., 202.) Under the quoted statutory provision and the foregoing authorities, counsel for the plaintiff in the case at bar was entitled to make the opening and closing addresses to the jury had he so desired; but he expressly waived the opening. Did he thereby waive the right to close? We do not so under-

stand the rule and practice to be.  Had counsel
for defendants waived an argument, then the case
would have gone to the jury without any argu-
ment whatever.   Plaintiff took that chance when
he waived his opening.   The defendants not hav-
ing waived argument on their part, the plaintiff
has the right to close, notwithstanding he made
no opening address.  (*Trask v. People*, 151 Ill., 523.)
But it is said if plaintiff had made the closing
address, he could have replied alone to the argu-
ment of defendants' counsel, and as the record
does not affirmatively show there was anything to
reply to, therefore the ruling was without preju-
dice.   Conceding it to be the rule, without decid-
ing the point, that the closing must be confined
to a strict reply to the argument on the other side,
and that such matters rest largely in the discre-
tion of the trial court, it does not follow that
counsel for the plaintiff, to save his exception,
was required to preserve the speech of his adver-
sary in the bill of exceptions in order to make
error affirmatively appear.  If the verdict was
the only one which could have been found under
the evidence, then the denial of the right to close
would have been without prejudice.   In such
case there would have been no abuse of discretion.
In the case at bar the evidence was sharply con-
flicting upon the real litigated issue in the case,
namely, whether the materials were furnished
under a contract with Layne & Krone or to Layne
alone upon his own responsibility.   Therefore the
right to make the closing argument upon the evi-
dence was of no inconsiderable advantage.   Had
plaintiff's counsel been permitted to close the
case, who knows but what his eloquence and logic
may not have turned the scales?  Much discretion

rests with the trial judge.as to the scope of arguments of counsel, either as to time or relevancy, and such discretion will not be interfered with by a reviewing court except where an abuse is shown. Such discretion, however, cannot be extended to the denial of the right to make any argument to a jury where there is a conflict in the evidence or where different conclusions may be legitimately drawn from the facts proven. (*Houck v. Gue*, 30 Neb., 113; *Hettinger v. Beiler*, 54 Ill. App., 320; *Chicago, B. & Q. R. Co. v. Bryan*, 90 Ill., 126; *St. Louis & S. F. R. Co. v. Thomason*, 59 Ark., 140; *Huntington v. Conkey*, 33 Barb. [N. Y.], 218; *Harley v. Fitzgerald*, 84 Hun [N. Y.], 305.) The denial to plaintiff the right to make the closing argument is a fatal error, for which the judgment must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.