MARY FITZGERALD, ADMINISTRATRIX, V. J. H.
McCLAY ET AL.

FILED APRIL 7, 1896.   No. 6224.

1. **Contracts to Erect Public Buildings:** BONDS: LIABILITY OF
   SURETIES. P. and S. entered into a contract with the state
   to erect for it a building at a stipulated sum. The con-
   tract required, *inter alia*, that the contractor should pay
   for all labor performed or materials furnished, and a
   bond for the faithful performance of the contract was
   given. *Held*, That the sureties on such bond are liable
   to a subcontractor for materials furnished by him and
   used in the construction of the building.

2. **Action on Builder's Bond:** PLEADING. *Held*, That the peti-
   tion states a cause of action.

ERROR from the district court of Lancaster
county. Tried below before HALL, J.

*A. G. Greenlee*, for plaintiff in error.

*Samuel J. Tuttle*, contra.

NORVAL, J.

Thomas Price and J. N. Shoemaker, on the 4th
day of March, 1889, entered into a written con-
tract with the state of Nebraska, through the
board of public lands and buildings, whereby they
agreed to furnish all the labor and materials nec-
essary for the construction of a brick building for
an engine house on the grounds at the hospital
for the insane at Lincoln, at the stipulated sum
of $11,000. One-half thereof was to be paid when
the roof was on and the remainder when the
building was fully completed. The contract con-
tained this provision: "And it is further agreed

that the first party [Price and Shoemaker] will pay off in full all laborers and material-men for labor performed or materials furnished, so that each and every person connected with this contract may receive his just dues." At the time this contract was made a bond in the sum of $11,000 for the faithful performance of the contract was executed to the state by Price and Shoemaker as principals, and J. H. McClay and P. H. Cooper as sureties, which was accepted and approved by the state. The bond contained the same conditions as those considered in *Sample v. Hale*, 34 Neb., 220, and *Hickman v. Layne*, 47 Neb., 177. This action was brought by John Fitzgerald against the principals and sureties upon the bond of indemnity already mentioned, to recover for materials furnished the contractors, Price and Shoemaker, and used by them in the construction of said building. The sureties interposed a general demurrer to the petition, which was sustained, and as to them the court dismissed the action. To reverse the judgment the plaintiff prosecutes error.

The petition alleges the execution and delivery of such contract and bond, and copies thereof are made parts of the pleading. It is also averred that in pursuance of said contract Price and Shoemaker purchased of plaintiff, for use in said building, 200,000 bricks at the agreed price of $10 per thousand; that said bricks were sold, furnished, and delivered by plaintiff, and the same were used in said building; that no part of the purchase money has been paid, except the sum of $1,400, and that there is due the sum of $609, with interest at seven per cent from April 11, 1889; that by reason of the failure of said Price and Shoemaker to pay said bal-

56

ance according to the requirements and stipulations of said contract, the conditions of said bond have been broken, and the defendant sureties have become liable to the plaintiff for the full amount so due for said bricks. The demurrer was, doubtless, sustained upon the ground that the bond was given alone to protect the state, and that third parties could not avail themselves of the stipulations; but since that decision was rendered this court has frequently held, in suits brought on bonds given for the faithful performance of a building contract similar to the one before us, that a person furnishing labor or materials for the principal in such bond may maintain an action upon the bond to recover the price of such labor or materials. (*Sample v. Hale*, 34 Neb., 220; *Habig v. Layne*, 38 Neb., 743; *Doll v. Crume*, 41 Neb., 655; *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb., 649; *Kauffman v. Cooper*, 46 Neb., 644; *Lyman v. City of Lincoln*, 38 Neb., 794.) The petition shows a breach of the conditions of the bond, and, tested by the rule laid down in the foregoing authorities, it states a cause of action against the sureties. The judgment will be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.