CHARLES H. ROHMAN V. WILLIAM GAISER.

FILED JANUARY 19, 1898.   No. 7778.

1. **Contract:** PROVISION FOR BENEFIT OF THIRD PERSON. A provision in a contract between the state and a person contracting with it for the erection of a public building is valid which imposes on the contractor the duty of paying for material furnished and used in the erection of such building.

2. **Sales:** DELIVERY: PLEADING. Statements in the answer construed in connection with an allegation of the petition and held to import an admission of the delivery of the material for the price of which this suit was brought.

3. **Action:** CONTRACT: PARTIES. One not a party to a contract may maintain an action thereon when such contract was made for his benefit or the benefit of a class to which he belongs.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*Daniel F. Osgood*, for plaintiff in error.

*Benjamin F. Johnson, contra.*

SULLIVAN, J.

This action was brought to recover a balance alleged to be due the defendant in error for material furnished to John Lanham and used by him in the erection of a chapel and dormitory for the Home for the Friendless at Lincoln. The action was upon a bond to the board of public lands and buildings executed by Lanham as principal, and J. C. McBride and the plaintiff in error as sureties. Said bond was conditioned as follows:

"The condition of this obligation is such that, whereas,

the above bounden, John Lanham, has been awarded a contract to build, erect, construct, and complete a chapel and dormitory for the Home for the Friendless located at Lincoln, Lancaster county, Nebraska; and, whereas, the said John Lanham has agreed to furnish all work, labor, and materials necessary for the building, erecting, and completing of said chapel and dormitory, and has agreed to settle and pay in full for all work and labor performed, and has agreed to settle for and pay all material-men, for any and all material actually furnished in the erecting, constructing, building, and completing said chapel and dormitory: Now, therefore, if the said John Lanham shall well and truly keep and perform each and every covenant, stipulation, and agreement contained in said contract and according to the plans and specifications on file in the office of the commissioner of public lands and buildings, and shall pay in full for all work done and labor performed, and shall pay all laborers' and mechanics' wages, and shall settle in full and pay for all material actually furnished in the constructing, erecting, and completing said chapel and dormitory of the Home for the Friendless, according to the terms of the contract, then this obligation to be void, otherwise to remain in full force and effect.

"JOHN LANHAM.

"J. C. McBRIDE.

"CHARLES H. ROHMAN."

There was a trial in the district court which resulted in a verdict and judgment for Gaiser, whereupon Rohman brought the case here for review by petition in error.

The principal contention of the plaintiff in error is that the clause in the bond requiring the contractor to pay for material used was inserted without statutory authority therefor, and hence did not create a valid obligation. This precise question was before this court in the case of *Sample v. Hale*, 34 Neb. 220, where it was held that such a provision was valid and that the sureties on the contractor's bond would be liable for all debts

arising thereunder. The doctrine of that case was subsequently approved in *Korsmeyer Plumbing & Heating Co. v. McClay*, 43 Neb. 649, *Kaufmann v. Cooper*, 46 Neb. 644, and in other cases.* The provision in Lanham's contract with the board for the payment of all material used in the construction of the Home for the Friendless inured to the benefit of Gaiser. It is a proposition firmly established in the jurisprudence of this state that one not a party to a contract may maintain an action thereon, when such contract is made for his benefit or the benefit of a class to which he belongs. (*Cooper v. Foss*, 15 Neb. 515; *Shamp v. Meyer*, 20 Neb. 223; *Doll v. Crume*, 41 Neb. 655; *Barnett v. Pratt*, 37 Neb. 349.)

It is also assigned for error that the verdict is not sustained by sufficient evidence. The petition charges that Gaiser furnished material to Lanham to the amount of $875. In addition to a general denial, the answer states "that the plaintiff has been paid in full for all claims and demands for material furnished the defendant John Lanham, as alleged in plaintiff's petition. This is, in effect, an admission of the furnishing of the material as the plaintiff in his petition claims it was furnished, coupled with an attempt to avoid the consequent liability by pleading that the same has been paid for. (*Blumenthal v. Mugge*, 43 Mo. 427; 1 Ency. Pl. & Pr. 795.) It follows that no proof upon this point was necessary. The judgment is

AFFIRMED.

---

*\*Habig v. Layne*, 38 Neb. 743; *Lyman v. City of Lincoln*, 38 Neb. 794; *Doll v. Crume*, 41 Neb. 655; *Hickman v. Layne*, 47 Neb. 177; *Fitzgerald v. McClay*, 47 Neb. 816; *King v. Murphy*, 49 Neb. 670.