PICKLE MARBLE & GRANITE COMPANY V. J. H.
McCLAY ET AL.

FILED APRIL 21, 1898.   No. 7988.

**Action on Contractor's Bond for Value of Materials: REVIEW: BRIEFS.**
One who furnishes a contractor for the erection of a court house
with materials used in the building may maintain an action for
their value on the contractor's bond given to the county as se-
curity for the performance of his contract, requiring *inter alia* the
contractor to satisfy all lawful claims of laborers and material-
men.

ERROR from the district court of Lancaster county.
Tried below before STRODE, J.   *Reversed.*

*William Leese* and *E. E. Brown,* for plaintiff in error.

*C. A. Atkinson* and *Walter A. Leese, contra.*

NORVAL, J.

William, H. B. Stout was awarded the contract for the
erection of a court house for Lancaster county, the con-
tract providing that Stout was, at his own cost and
charges, to provide all labor and materials necessary for
the construction of the building, and that there should
not be any legal or lawful claims against him in any
manner from any source whatever for labor performed
or materials furnished during the progress of the work.
Stout gave the county a bond, executed by himself as
principal, with J. H. McClay, Louie Meyer, and J. H.
Harley, as sureties, in the sum of $75,000, conditioned as
follows: "That if the said William H. B. Stout shall duly
perform the said contract, with all the conditions of the
plans and specifications, and discharge all of its liabili-
ties, then this obligation is to be void, otherwise the same
shall be and remain in full force and virtue."   Plaintiff
furnished Stout, under said contract, with certain ma-
terials which were used in the erection of the court house,

and Stout having failed and refused to pay for the same, this action was instituted upon said bond to recover the amount alleged to be due plaintiff on account of the materials so furnished. The defendant sureties demurred to the amended petition on the ground that it did not state a cause of action. The demurrer was sustained and the action dismissed. This ruling is before us for review.

The question involved is whether the bond in suit inured to the benefit of plaintiff, and can it maintain an action on the bond for a breach of its conditions by the principal therein named? The decisions of this court sustain the proposition that these sureties are liable for the materials furnished by plaintiff which were used by Stout in the construction of the building. This case is on all fours with *Korsmeyer Plumbing & Heating Co. v. McClay,* 43 Neb. 649, which was a suit on the identical bond herein involved. In that case a general demurrer was sustained by the trial court to a petition substantially like the one now before us, but which decision was reversed on review. The following cases sustain the doctrine that one not a party to a bond may maintain an action thereon when such bond was executed for his benefit: *Sample v. Hale,* 34 Neb. 220; *Lyman v. City of Lincoln,* 38 Neb. 794; *Kaufmann v. Cooper,* 46 Neb. 644; *Doll v. Crume,* 41 Neb. 655; *Hickman v. Layne,* 47 Neb. 177; *Fitzgerald v. McClay,* 47 Neb. 816; *Roman v. Gaiser,* 53 Neb. 474.

Counsel for the defendant Harley insisted on the hearing that the judgment below should be affirmed as to his client, for the reason the brief of plaintiff was not served upon him within the time prescribed by the rules of this court. It is true the rule providing for the service and filing of briefs was violated in this case; yet we are not willing to affirm by reason thereof, since plaintiff's brief was served upon all the defendants, and filed herein, more than two years prior to the submission of the case for decision. At the hearing, for the first time, the court's attention was challenged to the fact that the brief had been served out of time, and then no motion

was made to strike the same from the files.  Defendant Harley could not have been in the least prejudiced in the premises, inasmuch as his counsel had abundant opportunity, after the service of the brief of plaintiff, to have answered it.  The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.