GEORGE E. BARKER ET AL V. BERT G. WHEELER.

FILED APRIL 21, 1904.   No. 13,538.

1. **Official Bond:** SURETIES: ACTION.  Under the provisions of sections 29 and 643 of the code, when an officer in this state by misconduct or neglect of duties renders his sureties liable on his official bond, any person who is by law entitled to the benefit of the security may sue upon the bond in his own name.

2. **Statutes:** CONSTRUCTION.  The sections of statutes which require the giving of official bonds, which prescribe the form of the same as to being joint or several, which state the conditions thereof and designate the persons for whose use they are given, and statutes which provide the manner of procedure in actions upon such bonds, and in whose names such actions are to be brought, are in *pari materia* and must be construed together.

3. **Official Bonds:** JOINT AND SEVERAL: ACTION.  Since the form of an official bond must be joint and several, a person injured by the misconduct of a public officer may bring a several action upon the officer's bond to recover his damages.

ERROR to the district court for Douglas county: IRVING F. BAXTER, JUDGE.  *Affirmed.*

*E. J. Cornish,* for plaintiffs in error.

*Isaac Adams* and *J. P. Breen, contra.*

LETTON, C.

This case has already been before this court three times. See *Wheeler v. Barker,* 51 Neb. 846; *Barker v. Wheeler,* 60 Neb. 470, and *Barker v. Wheeler,* 62 Neb. 150.  After it was remanded to the district court for the third time,

a fifth amended petition was filed by the plaintiff, and the defendants moved to strike this petition from the files, for the reason that the allegations of the same constitute a different cause of action from those contained in the original petition; that James W. Eller, the principal upon the bond, was made a party to the action in the original petition, whereas, the said Eller is not named as a party in this petition; and that in the original petition it was alleged that the money in controversy came into the hands of Eller as county judge, by virtue of his office, whereas in this petition it is alleged that the money was received by color of his office. This motion was overruled, whereupon the defendants filed a demurrer, for the reason that there is a defect of parties defendant, in this, that it appears that this is an action upon the official bond of one Eller, county judge, the liability of these defendants being simply as sureties thereon. That, at the beginning of the action, Eller was made a party herein, pleading was filed by him, and trial had in part, and that Eller is a necessary party defendant. Defendants further demur on the ground that the facts stated are not sufficient to constitute a cause of action. This demurrer was overruled by the court; defendants elected to stand thereon, and judgment was thereupon rendered in favor of the plaintiff upon the pleadings. This is an error proceeding brought to review the action of the district court. After this action was dismissed as against Eller, a separate suit was brought against him to recover upon the same cause of action, and a judgment rendered therein. This judgment is pleaded in the fifth amended petition.

The main question is, can a party injured by the misconduct of a public officer bring a several action against the sureties on the official bond of such officer? The argument of the plaintiffs in error is substantially as follows: That at common law an action upon a bond could only be brought by the obligee therein. That the right to bring an action by a private person in his own name upon a bond, the obligee of which is the state or county, is granted

solely by the provisions of section 643 of the code. That this section provides solely for a joint action against the principal and sureties; that the action must be prosecuted against all of the obligors, and that, since Eller the principal is not made a party in the petition under consideration, there is a defect of parties defendant which may be taken advantage of by demurrer. This contention of the plaintiffs in error is to some extent supported by the decision in the case of *Aucker v. Adams & Ford*, 23 Ohio St. 543, which holds that section 566 of the code of Ohio, of which section 643 of our code is a copy, prescribes the only manner in which persons injured by the official neglect or misconduct of a justice of the peace can have redress by action in their own names on the official bond of the justice. That the only form of action authorized by said section is a joint suit against all the obligors in the bond, and that, where a joint suit is the only remedy, it is error under the provisions of section 371 of the Ohio code, which is the same as section 429 of the Nebraska code, for the court to render a several judgment against one or more of the defendants, leaving the action to proceed against the others. He also cites *Albertson v. State*, 9 Neb. 429, and *Ryan v. State Bank*, 10 Neb. 524. *Albertson v. State* was an action brought against the county treasurer upon his official bond by the state of Nebraska, to recover a balance due the state upon taxes. The court held that the provisions of sections 29, 32 and 643 of the code cover two classes of cases, the one where the security is taken to protect the right of the public, and the other where it is taken to protect the rights of individuals—section 643 applying to private persons and section 32 to actions by the public. In *Ryan v. State Bank*, the Ohio case is cited, and it is said: "On the trial of a joint action against the principal and sureties on an official bond, the judgment may be against any number of the defendants, as the testimony warrants. But several actions on such bond can not be maintained." The case of *Auker v. Adams & Ford, supra,* was decided by the supreme court of Ohio

in 1873; *Albertson v. State* was decided in 1879, and *Ryan r. State Bank* was decided in 1880.

At the time these actions were brought, the statute of this state required joint bonds to be executed by public officers, and joint action brought upon the bonds could, therefore, alone be maintained. In 1881, however, the legislature of this state enacted an entirely new act with reference to the subject of official bonds, section 3, chapter 10 of which is as follows:

"All official bonds of county   *   *   *   officers must be in form, joint and several, and made payable to the county in which the officer giving the same shall be elected or appointed, in such penalty and with such conditions as required by this act, or the law creating or regulating the duties of the office."

The plaintiff in error contends that, since this act did not expressly repeal or amend section 643 of the code, the provisions of that section are still in effect, and that, while the form of the bond is required to be joint and several, yet, since no additional rights have been given to private persons to sue upon an official bond in their own name than those prescribed by section 643, no action can be maintained other than a joint action against all the obligors to the bond.

The sections of the code cited by the plaintiff in error are substantially the same as those contained in the first Ohio code adopted in 1853. Before the enactment of this code, an action upon a bond under the common law could only be brought by the obligee. The object of these provisions was in accord with the general line and purpose of the reformed procedure, which was to simplify and modify the technicalities of the common law procedure and furnish a more simple and speedy remedy to litigants. The provisions, that all actions should be brought by the real party in interest and that any person injured by neglect of duty of an officer might bring an action in his own name upon the bond, were intended to supersede the necessity of suing upon the bond in the name of the

obligee. As is held in *Aucker v. Adams & Ford, supra,* these provisions, while allowing a suit to be brought by a private person in his own name upon an official bond, did not change the character of the contract entered into by the sureties from a joint contract to a several contract, and, consequently, a joint action had to be brought upon the joint bond.

Are the provisions of section 643 exclusive? Mr. Kinkead in his work on Code Pleading (vol. 1, sec. 346), speaking of the Ohio code, says, "The correct construction to be placed upon section 4,993 of the code is believed to be that, in all cases where an individual has suffered an injury by the failure of an official to perform official duty, he may maintain an action upon the bond of such official." Section 4,993 of the Ohio code contains the provision that actions must be prosecuted in the name of the real parties in interest. And in 1 Bates, Pleadings, Parties and Forms Under the Code, p. 7, it is stated, that the Ohio reports are full of cases brought by individuals upon official bonds of public officers. This court has also held that one not a party to a bond may maintain an action thereon, when such bond was executed for his benefit. *Pickle Marble & Granite Co. v. McClay,* 54 Neb. 661; *Sample & Son v. Hale,* 34 Neb. 220; *Lyman v. City of Lincoln,* 38 Neb. 794; *Kaufmann v. Cooper,* 46 Neb. 644; *Doll v. Crume,* 41 Neb. 655; *Hickman v. Layne,* 47 Neb. 177; *Fitzgerald v. McClay,* 47 Neb. 816; *Rohman v. Gaiser,* 53 Neb. 474. In 17 Am. & Eng. Ency. Law (1st ed.), 527, note 2, it is said: "Under the general code provisions, the obligee in a bond can sue for all liabilities thereunder, while each person to be secured thereby may sue in his own name as the real party in interest for any liability to himself." Citing cases from Kansas, Kentucky, Louisiana and New York. See also Pomeroy, Code Remedies (4th ed.), secs. 77, 79, 104. It would seem that a liberal construction of the broad terms of section 29 of the code, providing that all actions shall be brought in the name of the real party in interest, with a few exceptions, would hold that these provisions are not

limited and confined by the provisions of section 643, and
that, independent of the provisions of said section, a per-
son belonging to the class for whose benefit an official
bond is given, and who has been injured by the negligence
or misconduct of the principal upon the bond, has a right
to sue upon the same in his own name as being the real
party in interest.

Aside from these considerations, however, under the
principle of statutory construction, that statutes in *pari
materia* are to be construed together, all acts of the legis-
lature upon the same general subject matter must be con-
strued as part of a single plan, and later statutes are to be
considered as supplementary or complementary to the
earlier enactments. In the passage of each act, the legis-
lature must be supposed to have had in mind the existing
legislation on the same subject and to have shaped its
new enactment with reference thereto. Black, Interpreta-
tion of Laws, sec. 86. The sections of statutes which re-
quire the giving of official bonds, which prescribe the form
of the same as to being joint or several, which state the
conditions thereof and designate the persons for whose use
they are given, and statutes which provide the manner of
procedure in actions upon such bonds and in whose names
such actions are to be brought are in *pari materia* and
must be construed together. This being the case, a reason-
able construction of the code provisions, including section
643, together with the provisions of the statute of 1881,
would require that the provision requiring the form of
the bond to be joint and several in the latter statute modi-
fies the provision of section 643, so that the law in regard
to the right of an individual to bring this action in his
own name, while not expressly amended or repealed, is
still left in force, and the action may be brought against
the officer and his sureties, jointly or severally. To give
the law the effect contended for by the plaintiffs in error
would, in effect, undo all the legislature did when it pro-
vided that official bonds should be joint and several in
form, since, if every action brought upon such a bond by

an individual must be a joint action, the object of the law would be rendered nugatory, and it might as well never have been enacted. With this interpretation of the statutes we can not agree.

As ground for the demurrer that the petition does not state facts sufficient to constitute a cause of action, and for the error assigned in overruling the motion to strike the fifth amended petition, the plaintiffs in error claim that the last petition alleges facts which show that the county judge received the money by color of his office and not by virtue of his office. In both petitions it is charged that, upon the final examination of the accounts of the administrator of the estate of B. G. Wheeler, deceased, it was ordered that said administrator pay into the county court on account of said estate the sum of $3,934.94, for distribution to the heirs of said estate, and that said sum was paid into said court for that purpose. The first petition alleges that the sum of $484.42 was paid by Eller, as county judge, to the plaintiff's guardian, and that Eller has neglected and failed to pay the remainder of the amount due her to her guardian, although requested so to do, while the fifth amended petition recites the same facts with reference to the payment of $484.42 to the guardian, and charges that said Eller by virtue and color of his said office, after having obtained possession of said money, as aforesaid, wrongfully, fraudulently and corruptly, and in gross violation of his duties as such county judge, converted said sum to his own use, and embezzled the same, and has retained all of said sum, notwithstanding payment thereof has been frequently demanded from him by plaintiff and plaintiff's guardian. While the allegations of the last petition are broader, fuller and more extended than those of the first, we can not see that there is a variance between them, or that the allegations of one recite acts done *virtute officii* and the other acts done *colore officii*.

As to the error assigned, that the amount of recovery is excessive, the demurrer admits the allegations of the pe-

tition that Eller, on the 29th day of March, 1902, obtained possession of the money, that he converted the same to his own use, and that, ever since the date of its payment, he has retained the same, notwithstanding payment has been frequently demanded from him by the plaintiff and the plaintiff's guardian. Under these admissions it would seem that interest was properly computed.

We recommend that the judgment of the district court be affirmed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.