Myers v. Guernsey.

MARY A. MYERS, APPELLEE, V. LOWRY C. GUERNSEY ET AL., APPELLANTS.

FILED FEBRUARY 13, 1924. No. 22690.

Licenses: MOTOR VEHICLES: BONDS: LIABILITY. Where, as a condition precedent to the issuance of a taxicab driver's license, a bond for the benefit of any person injured by the wilful misconduct of the licensee is required by a city, a person so injured may bring an action on the bond, joining both principal and surety as defendant.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*T. S. Allen* and *Burr, Brown & Dibbble,* for appellants.

*McCarty & Hager, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., REDICK, District Judge.

Letton, J.

Plaintiff, a girl about 16 years of age, was riding, as the guest of the owner, in a Ford sedan automobile, proceeding eastward on D street, in the city of Lincoln. At the intersection of D street with Sixteenth street, the sedan was struck, about the middle of the car, by a taxicab driven by the defendant Guernsey. Plaintiff sustained personal injuries requiring medical and hospital care. This action was brought against Guernsey as principal and against the Ætna Casualty & Surety Company as surety to recover damages for such injuries.

Under an ordinance of the city, the defendants executed a bond with the city of Lincoln as obligee, "and for the benefit of any person or persons injured or damaged by the fraud or wilful misconduct of said above named principal." The bond is conditioned that Guernsey shall observe all the statutes of the state and ordinances of the city pertaining to the business of taxicab driving, shall pay all damages which may be adjudged against him under the ordinances of the city, shall indemnify and save the city harmless from damage or injury on account of neglect or default of the principal, "and shall indemnify and save harmless any person injured or damaged by the fraud or wilful misconduct of said principal." Plaintiff recovered judgment, and the surety company appeals.

It is unnecessary to review the evidence. While there is a sharp conflict as to the facts, it is sufficient to sustain the verdict.

The principal contentions of the surety company are that the bond is an indemnity bond, that therefore it cannot be joined with Guernsey in the action, that judgment must first have been obtained against him and execution returned unsatisfied before an action on the bond against the surety will lie. The bond was given for the purpose of obtaining a license for the principal to operate a taxicab. The furnishing of the bond was a condition precedent to the granting of the license. It was recognized by the authorities of the

Myers v. Guernsey.

city that careless and reckless persons, if permitted to drive taxicabs, are apt to become sources of great danger to others using the streets.   The natural consequence of wilful misconduct on the part of a driver would be injury and damage to persons or property.   The bond was required in order to insure the payment of any such damages suffered.   The surety knew the conditions and that the license would not issue without the bond.   It became a party to the transaction for its own pecuniary benefit.   When contracts are made between two persons for the benefit of a third, the person for whose benefit the contract is made may sue directly upon the instrument.   The obligation here is a direct obligation to the person injured as well as to the city.   The principle as to joinder is the same as applies to an action against a contractor and the sureties upon his bond, in cases where he has failed to pay debts incurred by him in the construction of a building, and the bond requires him to pay all debts and obligations incurred for labor and material in such construction; and as applies to bonds given to secure liquor licenses. *Sample & Son v. Hale,* 34 Neb. 220; *Lyman v. City of Lincoln,* 38 Neb. 794; *Doll v. Crume,* 41 Neb. 655; *Hauth v. Sambo,* 100 Neb. 160.   We see no reason why the principal defendant and the surety cannot be joined in the action.   To hold otherwise would merely postpone the day of reckoning and hinder and delay the injured person in the satisfaction of her just demands.

It is said that such a construction would make the surety company a principal, and not a surety; but since there can be no liability upon the part of the surety unless and until the principal has been adjudged to be guilty, and since, if application had been made to the court before the entry of judgment on the verdict, the judgment might have provided that the property of the principal should be exhausted before the property of the surety should be seized, there is no force in this contention.   *Drexel v. Pusey,* 57 Neb. 30.

We find no reversible error in the other points complained of.

AFFIRMED.