\* WILLIAM R. WILSON, plaintiff in error, *vs.* E. J. DOZIER, defendant in errror.

Suit was brought against Wilson & Co., on a note for $4,794.17; Wilson & Co. were the successors in business of Wilson & Co., the first firm being composed of father and son, and the latter firm, on the death of the father, of the survivor and his brother, Wm. R. Wilson, who administered on the father's estate; the note was made up of accounts against the first firm of $3,268.31, and against the succeeding firm of the balance; the business was carried on continuously, and the accounts made continuously with the payee of the note by the two firms; the note was actually signed by the surviving partner, using the firm name. Wm. R. Wilsom pleaded *non est factum* as to the $3,268.31, and that he was not liable therefor. It was in evidence that he sent cotton to pay off the part of the note objected to now, and promised to send more cotton if time were given, and three letters from him to the payee of the note were in evidence, recognizing the note, and soliciting a receipt for $3,268.31, to be used as a voucher by him as administrator on the estate of the deceased partner of the first firm:

*Held,* that the statute of frauds in respect to a promise to pay the debt of another, had no application at all to the case; that the consideration of the part of the note objected to was ample; that if there were any doubt of the authority of the partner to sign the name of the new firm to the note and to bind the new partner, the facts showed that he fully ratified it; and that the verdict of the jury for the whole amount of the note, and the refusal of the court below to disturb it, were exactly right.

JACKSON, Judge.

---

PHŒBE CRAPS, plaintiff in error, *vs.* HARDY H. HUNTER, defendant in error.

The evidence opposed to the verdict, coming, as it does, from interested or from sympathetic witnesses, is not strong enough to justify a reversal of the judgment refusing a new trial. In all doubtful cases of mere fact, the jury and the presiding judge are more competent to reach the truth and do justice than a court of review.

BLECKLEY, Judge.

---

\* No reports or opinions are published in this and the following cases, in accordance with the provisions of Act of March 2d, 1875.