CAROLINE STECKER, ADM'X v. WILLIAM C. SMITH ET AL.

*Partnership liability—Question of fact.*

Where several persons put up a building as partners, and one of them buys brick for the purpose without an express understanding with the vendor that it is an individual purchase, and the brick is actually used in the building, the partners are liable as such for its value.

In an action against several defendants impleaded as partners, the plaintiff is entitled to lay all the facts before the jury and have their opinion as to whether the transaction was not that of a partnership, or did not, at least, entitle plaintiff to charge defendants as partners.

Error to Wayne. Submitted April 6. Decided April 13.

ASSUMPSIT. Plaintiff brings error. Reversed.

*James H. Pound* for plaintiff in error.

*Atkinson & Atkinson* for defendants in error.

GRAVES, J. Plaintiff's intestate brought *assumpsit* against the defendants as copartners before a justice of the peace to recover for certain brick furnished them. A recovery was allowed in that court and defendants appealed, but prior to the trial in the circuit court Mr. Stecker died and the plaintiff was duly authorized to assume the prosecution of the action. On the hearing of the case the circuit judge directed a verdict for the defendants. The plaintiff claimed that the defendants were partners in putting up two certain buildings, and that the bricks were procured by the firm for those buildings and actually used as materials therein.

A witness for the plaintiff testified that one of the defendants contracted individually for the brick, and another witness on the same side testified that one of the defendants admitted that brick were received, but that they were

on his own account and not for the partnership. The plaintiff then offered to show that the defendants were in partnership in putting up the buildings for which the brick were obtained and in which they were used, but the court on objection excluded the evidence.

This was error. The statement made by the witness that the brick were purchased by one of the defendants on his individual account, was not necessarily conclusive. In the first place it was more matter of opinion than of fact, as represented by the record. But in any court the plaintiff was entitled to lay all the facts before the jury and have their judgment on the question whether the purchase was not a partnership transaction, or at least one which entitled the plaintiff to charge the defendants as partners. If in point of fact they were erecting the buildings as partners, and one of them procured the brick for the purpose of the buildings without any express arrangement with plaintiff's intestate that the purchase was an individual purchase, and the brick were used in the buildings, the firm was liable.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred.