## WEATHERLY *vs.* HARDMAN.

1. The debt of a firm is the debt of each of its members. Therefore, after bankruptcy of the firm and its members, a new promise by one of the partners to pay a note of the firm given before bankruptcy was based on a good consideration, and was not a promise to pay the debt of another, so as to fall within the provisions of the statute of frauds.
2. The verdict was supported by the evidence.

Partnership. Contracts. Bankruptcy. Before Judge ERWIN. Clarke Superior Court. November Term, 1881.

Reported in the decision.

S. P. THURMOND ; JNO. C. REED, for plaintiff in error.

E. K. LUMPKIN; E. T. BROWN; J. H. LUMPKIN, for defendant.

CRAWFORD, Justice.

W. A. Weatherly was sued by W. B. J. Hardman, upon a promissory note made by Weatherly & Co. The said firm and each member thereof having been discharged in bankruptcy, the plaintiff relied upon a subsequent promise made by the said W. A. for the recovery of the amount due on the note. The defendant resisted the collection of the debt, but the jury found for the plaintiff, and the defendant moved for a new trial.

There are but two questions made by the record which need be adjudicated to settle the rights of the parties in this case, one of law, the other of fact.

1. It was maintained by counsel for plaintiff in error, that the note sued upon being a joint note, and made by the firm, that there was no moral obligation on the defendant to pay more than one-half of it, and that no promise therefore to pay it at all was binding upon him unless the same was in writing.

This is not a sound principle of law, for the reason that the original liability was not only against the firm, but each individual member thereof. The debt of a firm is as much the debt of each partner until paid as it is the debt of the firm.

So that the promise of the defendant to pay the note was not a promise to pay the debt of another, either in whole or in part, but to pay a debt of his own.

We think, therefore, that the court ruled the law correctly both as to the amendment offered, and in his charge to the jury.

2. It is admitted that a new promise to pay one's own debt after bankruptcy binds the promissor, but it is denied that there was any unconditional promise by this defendant to pay.

This constitutes the question of fact made by the record.

When the evidence is conflicting, and the judge commits no error in his charge to the jury, and he is satisfied with the verdict, this court will not interfere to set it aside.

Judgment affirmed.