NATHAN P. POND, as Assignee, etc., Respondent, v. CHAUNCEY G. STARKWEATHER et al., Impleaded, etc., Appellants.

In an action to recover the alleged purchase-price of a number of boxes of seeds, plaintiff proved, under objection and exception, that at the time of a negotiation for a sale by B., plaintiff's assignor, of a quantity of seeds and other property to the firm of H. S. & Co., at a lump price, a member of that firm insisted that the seeds in question should be included ; this B. refused.  Thereupon defendants, the other members of said firm, told B. that, if he would allow the seeds to go in, they would pay for them at the same rates allowed for the other seeds ; this B. agreed to, and, in reliance upon the agreement, signed a bill of sale to the firm, covering the seeds in question.  *Held*, that the agreement was for a sufficient consideration, and valid.

One who, as a member of a firm, has contracted with another for the performance of a certain thing, is not prevented thereby from making a verbal promise, as an individual, concerning the same matter.

(Argued June 8, 1885; decided June 23, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial department, entered upon an order made October 31, 1884, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought upon an alleged oral promise made by defendants, two members of the firm of Hiram Sibley & Co., to pay for a quantity of seeds, delivered by one Briggs, plaintiff's assignor, to said firm.

The facts appear sufficiently in the opinion.

*H. H. Woodward* for appellants.  The fact that the seeds were delivered to Sibley & Co. in bulk, under the written contract, and passed, without inspection, by the terms " seeds in the store and warehouse," for $30,000, and that these defendants were individual members of that firm, did not operate as a waiver of the provisions for inspection.  (*Forsyth* v. *Woods*, 11 Wall. [U. S.] 484; *Menagh* v. *Whitewell*, 52 N. Y. 158; *Second Nat'l Bk.* v. *Burt*, 93 id. 233.)  All parol conversations in reference to the subject-matter of this contract, be-

tween Briggs and any individual member of the firm of Sibley & Co., were a part of these negotiations, and merged in the writing which imports the certain truth of the agreement between the parties. (*Julliard* v. *Chaffee*, 92 N. Y. 530; *Highland Chem. & M. Co.* v. *Matthews*, 43 Sup. Ct. 39.) The conversation relied upon by plaintiff, as proof of the claim set forth in his complaint, is within the general rule which requires the rejection of parol evidence to enlarge, cut down, or take away the obligations entered into, between parties, and by them reduced to writing. (*Chapin* v. *Dobson*, 78 N. Y. 79.) The case is not within the general rule which allows a collateral agreement made prior to, or cotemporaneous with, a written agreement, but not inconsistent with or affecting its terms, to be given in evidence. (*Johnson* v. *Oppheimer*, 55 N. Y. 280, 293.) The written contract shows, upon its face, that it was intended to express the whole contract between the parties. No collateral agreement, as to any matter not provided for by the terms of the writing, is attempted to be shown. (*Chapin* v. *Dobson*, 78 N. Y. 79; *Julliard* v. *Chaffee*, 92 id. 530; *Jones* v. *Jones*, 18 Hun, 442.) If the instrument shows that it was meant to contain the whole bargain between the parties, then no extrinsic evidence can be admitted to introduce a term which does not appear there; but if it be clear that the written instrument does not contain the whole, and the fact be shown that there was a distinct collateral verbal agreement between the parties, not inconsistent with the written contract, the law does not prohibit such distinct collateral agreement from being enforced. (*Morgan* v. *Griffith*, L. R., 6 Exch. 70; *Angell* v. *Duke*, L. R., 10 Q. B. 14; *Earl* v. *Rice*, 111 Mass. 17; *Emerson* v. *Mason*, 3 N. Y. Sup. Ct. 185; 60 N. Y. 394.)

*John Van Voorhis* for respondent. The contract made by Briggs with Starkweather and Averill is valid, and can be enforced. (*Reynolds* v. *Gilbert*, 13 Hun, 301; *Van Rensselaer* v. *Aiken*, 44 Barb. 547; *W. & D. Colt. Ins. Co.* v. *Smith*, 36 id. 584.) A gratuitous promise to pay money upon condition, or

the doing of some act, or incurring some expense, loss, or legal obligation, becomes binding, as a legal and valid contract, upon acceptance and performance of the stipulated condition or act by the party to whom the promise is made. (*L'Ameroux* v. *Gould*, 7 N. Y. 549 ; *Holmes* v. *Larkin*, 12 Mass. 190 ; *Framington Academy* v. *Cowles*, 6 Pick. 433; *Kimpton* v. *Coffin*, 12 id. 129 ; *Underhill* v. *Gibson*, 2 N. H. 352 ; Story on Cont. [5th ed.], §§ 551–555 ; *Barnes* v. *Perrin*, 9 Barb. 202; *Miller* v. *Drake*, 1 Cai. 45–6 ; *Leonard* v. *Medenberg*, 8 Johns. 39.) Although the defendants were members of that firm, yet Hiram Sibley & Co. is an entirely distinct entity. (*Second Nat'l Bk.* v. *Burt*, 93 N. Y. 233.) The partnership is a distinct thing from the partners themselves, and it would seem that the debts of the firm are different in character from other joint debts of the partners. (*Forsyth* v. *Woods*, 11 Wall. [U. S.] 486 ; *Menagh* v. *Whitewell*, 52 N. Y. 158.) The defendants' exception to the refusal of the court to charge that plaintiff could only recover a minimum amount is not well taken. (*Nat'l Bk.* v. *Dreyfus*, 17 Weekly Dig. 160 ; *Wylde* v. *Northern R. R. Co.*, 53 N. Y. 156 ; *Bruce* v. *Kelly*, 7 J. & S. 27; *Fitzpatrick* v. *Woodruff*, 15 id. 436 ; *People* v. *Mc Whorter*, 4 Barb. 438.)

DANFORTH, J. The pleadings state a variety of facts, but only a single point, viz.: a promise by defendants to pay B., plaintiff's assignor, the value of a certain lot of eleven hundred boxes of seeds, upon condition that he would transfer and deliver them to the firm of H., S. & Co., performance by him, and on their part a breach. After evidence by the plaintiff, the defendants' counsel moved for a nonsuit upon the ground, in substance, that the alleged cause of action was unproven. Evidence had been given by B. (the assignor) that upon the occasion of negotiation between himself, of one part, as vendor, and the firm of H., S. & Co., of the other, as vendees, respecting the sale of a large quantity of seeds and other property at a lump price of $30,000, a member of the firm insisted that the seeds referred to in the com-

plaint should be included ; that he, B., refused to put them in ; that thereupon these defendants, being the other two members of the firm of H., S. & Co., consulted privately and then " asked " him, B., " to come to them ; " he adds : They then told me if I would allow the eleven or twelve hundred boxes of seeds to go in under that $30,000 that they would pay for them, and I said, " then with that agreement on your part that you will pay for those seeds I will sign a contract covering that." They said they would pay for them at the same rate the other seeds were to go in at under the contract, and he, " relying upon that agreement only," included them in the bill of sale to H., S. & Co., and they took possession of them ; that they were worth at the prices mentioned in the contract, between $4 or $5 a box, and had not been paid for. This testimony was contradicted by the defendant, but if credited it sustained the complaint in every material point. No particular variance was pointed out upon the motion for a non-suit, and that now suggested is quite unimportant.

It is also said for the appellant that the contract testified to by B. was without consideration, and this is upon the idea that as the defendants were members of the firm of H., S. & Co., the benefit accrued to them in that relation, and not as individuals. That may be so ; but B. would not have transferred or delivered the seeds to the firm, except the defendants, as individuals, requested him to do so, and as individuals promised to pay him therefor, and an inquiry is not to be made into their motive or the advantage derived by them. If B. had been under a prior legal obligation to make such transfer, his doing so would not support a new promise by the firm, but that is not this case. The promise relied upon is not the promise of the firm, nor was the contract with the firm signed until after the defendants' agreement had been made. But suppose a liability had been first incurred by B. to the firm in reference to the property, his engagement with the defendants would still form a sufficient consideration to support their promise. A partner cannot make a valid legal contract with a firm of which he is a member, but this is because the same person

cannot be a party on both sides, and the principle in no way prevents one who, as member of a firm, has already contracted with another for the performance of a certain thing, to make as an individual a valid promise concerning the same matter. His capacity, as a person, is not merged in the partnership. Hence the defendants were competent to contract, and whether they did or not was upon the evidence a fair question for the jury. In view of the conflicting evidence and the circumstances of the case the verdict might well have been the other way, but it did establish the alleged agreement and its consideration, and we agree with the learned court at General Term, that no error was committed by the trial judge either in receiving evidence or submitting it to the jury for determination.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.