HABIG & SPILER V. JOHN LAYNE ET AL.

FILED JANUARY 4, 1894.   No. 5583.

1. **Trial**: DIRECTING VERDICT. It is error for a trial court to instruct a jury to return a verdict for the defendants when there is any competent evidence adduced which, if believed by the jury, would support a verdict for the plaintiff.

2. **Question for Jury.** Where the evidence is uncontradicted, and reasonable men might honestly draw different inferences therefrom, it is for the jury, and not the court, to say what inference such evidence warrants.

3. **Partnership.** In an action against several defendants impleaded as partners, the plaintiff is entitled to lay all the facts before the jury and have their opinion as to whether the transaction is not that of a partnership, or does not, at least, entitle the plaintiff to charge the defendants as partners.

4. **Liability of Firm for Contract of Partner.** Where two persons, copartners, took a contract from the state to build for it a building, and one of the partners purchased material used in the construction of such building under a contract in writing, made in his own name with the vendor of such material, there being no understanding with the vendor that the material was furnished to the partner on his individual account, *held*, that the copartnership was liable for the value of the material furnished and used in the construction of said building.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Leese & Stewart*, for plaintiffs in error:

Where any evidence is adduced tending to prove the allegations of the plaintiff's petition, the cause should be submitted to the jury. (*Smith v. Sioux City & P. R. Co.*, 15 Neb., 583.)

The fact that the partnership receives the benefit of a contract tends to prove that it is a partnership contract. (*Stecker v. Smith*, 46 Mich., 14; 1 Lindley, Partnership,

177, 189; Abbott, Trial Evidence, 216; Bates, Partnership, sec. 437; *Booe v. Caldwell*, 12 Ind., 12.)

By the terms of the contract between Layne & Krone and the state, the sureties were liable if the material purchased was used in the building. (*Sample v. Hale*, 34 Neb., 220; *Abbott v. Morrissette*, 48 N. W. Rep. [Minn.], 416; *Sepp v. McCann*, 50 N. W. Rep. [Minn.], 246; *Freeman v. Berkey*, 48 N. W. Rep. [Minn.], 194.)

*Pound & Burr* and *W. E. Stewart, contra.*

RAGAN, C.

On the 10th day of September, 1887, the state of Nebraska entered into a contract with John Layne and Fred W. Krone, copartners, by which the latter agreed to furnish the material and labor and construct a building for the state on the grounds of the Nebraska institution for the feeble minded youth, near the city of Beatrice. In this contract Layne & Krone promised to pay in full all parties who should furnish any material or perform any labor for them on said building. Layne & Krone, as principals, and George Martin, M. Westover, George Sherrer, A. B. Beach, and J. E. Stockwell, as sureties, gave bond to the state, conditioned that Layne and Krone would faithfully perform all the stipulations of their contract.

The plaintiffs in error, Habig & Spiler, brought this suit against Layne & Krone and the sureties on their bond, alleging the copartnership of Layne & Krone; the contract between them and the state for the erection of said building; their giving bond to pay for materials furnished and used by them in carrying out their contract with the state; that on December 8, 1887, plaintiffs in error entered into a written contract with John Layne, of the firm of Layne & Krone; that said contract was by Layne made for and on behalf of Layne & Krone; that by the terms of such contract plaintiffs in error, for the consideration of $——,

agreed to furnish the labor and material and construct the galvanized iron cornice, tin roofing, down-spouts, patent shingle roof, ridging tunnels, tower, and porch roofs on the new addition to the building for the feeble minded about to be erected by the state at Beatrice; that they complied with their contract, and that a balance remained due thereon.

The only issue of fact tendered by the answer of the defendants was whether the contract between plaintiffs in error and John Layne was made for and on behalf of Layne & Krone, or on Layne's personal account. The evidence shows that at the date of the contract Habig & Spiler lived in Beatrice and Layne & Krone in Lincoln, and that they were unacquainted; that plaintiffs in error, learning that Layne & Krone had been awarded the contract for the construction of the building for the use of the feeble minded, sent a bid to Layne & Krone at Lincoln for the galvanized iron cornice work, etc., having first figured their bid from the plans and specifications prepared for such building; that some weeks afterwards John Layne was in Beatrice and met Habig, one of the plaintiffs in error, who asked Layne if the bid of Habig & Spiler was low enough, to which Layne replied, "No;" that they, Habig & Spiler, would have to do a little better and offered to accept a bid from them at $———, which plaintiffs in error then and there accepted. Layne then told Habig to draw up a contract between John Layne and Habig & Spiler and it would be all right. Habig then drew the contract sued on here as the contract of Layne & Krone; that Habig & Spiler performed their contract; that Layne made a payment to them, and that the state made them another payment on the contract; that the labor performed and material furnished by Habig & Spiler went into the construction of the building which Layne & Krone contracted with the state to build. There was no evidence that Layne & Krone had ever dissolved partnership, or that their contract with the state was ever canceled, or that the contract for such

building was ever awarded to any one else than Layne &
Krone. After this evidence was given by the plaintiffs in
error, they asked the court to instruct the jury as follows:

"1. If you find from the evidence that plaintiffs fur-
nished to Layne & Krone, or either of them, any material to
complete the contract of Layne & Krone with the state,
and such materials, or any part thereof, have not been paid
for, then said Layne & Krone, and the sureties on their
bond, are liable for the amount found to be due.

"2. You are instructed that although the contract of the
plaintiffs was made in the name of John Layne, yet if
it was so made for and in behalf of Layne & Krone in the
execution of their contract with the state, then such firm
would be bound thereby and all of the defendants herein
would be liable for any balance remaining due for material
furnished by plaintiffs thereunder."

The court declined to instruct as requested, and instructed
the jury to return a verdict for all the defendants except
Layne, which the jury did.

The motion of the plaintiffs in error for a new trial was
overruled and judgment of dismissal of their case against
all the defendants, except Layne, rendered, and Habig &
Spiler bring the case here on error.

The court erred in instructing the jury to return a ver-
dict for the defendant, as the evidence adduced was suffi-
cient to support a finding of the jury that Layne made a
contract with Habig & Spiler on behalf of Layne & Krone,
and for the same reason the court erred in refusing to in-
struct the jury as requested by the plaintiffs in error. In
*Smith v. Sioux City & P. R. Co.*, 15 Neb., 583, this court
said: "After the introduction of the testimony of the
plaintiff to a jury impaneled to try the cause, the court has
no authority to dismiss a case and discharge the jury with-
out a verdict upon the merits. If the evidence so intro-
duced tends in any degree to sustain the allegations of the
plaintiff's petition, the action of the court in summarily

Habig v. Layne.

dismissing the action will be deemed prejudicial to the plaintiff, and a new trial will be ordered." In *Stecker v. Smith*, 46 Mich., 14, it is said : "Where several persons put up a building as partners, and one of them buys brick for the purpose, without an express understanding with the vendor that it is an individual purchase, and the brick is actually used in the building, the partners are liable as such for its value. In an action against several defendants impleaded as partners, the plaintiff is entitled to lay all the facts before the jury and have their opinion as to whether the transaction was not that of a partnership, or did not, at least, entitle plaintiff to charge the defendants as partners." To the same effect, see *Booe v. Caldwell*, 12 Ind., 12; Bates, Law of Partnership, sec. 437. But if the labor and material of Haebig & Spiler entered into the construction of this building, and the evidence is sufficient to support a finding of a jury that it did, then Layne & Krone and their sureties are liable for it. This is the letter as well as the spirit of their bond. (*Sample v. Hale*, 34 Neb., 220; *Abbott v. Morrissette*, 48 N. W. Rep. [Minn.], 416; *Sepp v. McCann*, 50 N. W. Rep. [Minn.], 246; *Lyman v. City of Lincoln*, 38 Neb., 794.)

It appears that this suit was first brought in the county court of Lancaster county, and that plaintiffs in error obtained a judgment there against Layne, and he appealed to the district court. In the latter court plaintiffs in error again obtained judgment against Layne, and on motion and notice to the sureties on the appeal bond of Layne, from the county court, took judgment against such sureties. Counsel for defendants in error say that plaintiffs in error, by reason of having taken judgment against the sureties on the appeal bond from the county court, are now estopped from prosecuting this proceeding in error. We do not think any one can complain of the judgment against Layne or the sureties on his appeal bond except themselves. These defendants in error could not plead such judgments in the

absence of their satisfaction as a defense to this action. Plaintiffs in error are entitled to judgment against as many of the parties sued as the evidence and the law will give them; and the fact that they have judgment against one or more of the parties sued does not prevent plaintiffs in error from prosecuting this suit against others liable on the same cause of action. *Buchanan v. Dorsey*, 11 Neb., 373, cited by counsel, does not sustain their contention. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.