LUCIUS BUCKLEY ET AL. V. LEWIS HOOK.

FILED JANUARY 17, 1895.   No. 5465.

Justice of the Peace: DISMISSAL: PARTNERSHIP: TRIAL. When the pleadings in the court of a justice of the. peace failed to indicate that between the parties litigant there ever existed a. partnership relation, or that the action was in relation to a part- nership matter, *held*, that such justice of the peace erred in dismissing the action during the trial of the issues joined, be- cause, by motion of defendants, it was suggested that such part- nership relation had been disclosed by the plaintiff's testimony.

ERROR from the district court of Dawson county.   Tried. below before HAMER, J.

*C. W. McNamar*, for plaintiffs in error.

*G. W. Fox, contra.*

RYAN, C.

This action was brought before a justice of the peace of Dawson county and was on trial to a jury, when a motion of the defendants to dismiss the action for the reason that by the testimony of plaintiff it had been shown that the parties were in a partnership relation, unsettled, and still in existence, and because said court had no jurisdiction to try the action, as it was about partnership business, was sustained.   The district court of said county, on proceed- ings in error, reversed the judgment rendered by the jus- tice of the peace for the costs incurred and ordered that the

cause should be retained for trial. The correctness of this action of the district court is now called in question by a petition in error filed in this court by the parties who were defendants before the justice of the peace. Without a bill of exceptions it is impossible to determine what testimony had been given by the plaintiff when the motion to dismiss upon consideration of his evidence was sustained. The plaintiffs in error rely upon the presumption which obtains as to the correctness of the ruling of a court in the absence of an affirmative showing that such ruling was wrong. Whether or not this result might, under certain, circumstances, follow from the rule invoked we need not determine, for there is another presumption of controlling force in this case, and that is that the testimony was relevant to the issues being tried. In neither the bill of particulars filed by plaintiff before the justice of the peace nor the answer thereto was there an averment from which a partnership relation between the parties litigant could be inferred. Tested by the pleadings as recorded in the docket of the justice of the peace, the action was one which was properly triable before that magistrate. The jury alone could determine from the evidence whether or not there existed a partnership, for this was a question of fact. (*Habig v. Layne*, 38 Neb., 743.) Whether or not the justice of the peace had jurisdiction of the subject-matter of the action was determinable by him on the pleadings. If the motion to dismiss was sustained because, to him, the evidence appeared to justify a certain conclusion, he was invading the province of the jury and therefore erred. If the dismissal was because of a want of jurisdiction of the subject-matter of the suit, he misconstrued the averments of the pleadings and was equally in error. In any event the judgment of the district court was right and is

AFFIRMED.