### E. R. McIntyer v. Maurice M. Houseman.

1. PARTNERSHIPS—*One Partner May Obligate Himself Personally in a Matter of the Firm's Business.*—One member of a copartnership may obligate himself, personally, if he chooses to do so, in a matter of the firm's business, and this although the whole benefit of the transaction is enjoyed by the firm.

Assumpsit, for services. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed November 7, 1901.

Statement.—Defendant in error, while a member of the law firm of Cowen & Houseman, composed of defendant in error and Israel Cowen, Esq., engaged the plaintiff in error, who is a practicing physician, to examine a client of the firm of Cowen & Houseman for the purpose of enabling plaintiff in error to testify as an expert to certain physical injuries of the client in a prospective law suit. Plaintiff in error sued defendant in error for such services and recovered before a justice of the peace. Upon appeal trial was had in the Circuit Court, which trial resulted in a peremptory instruction by the court, directing the jury to return a verdict for the defendant. From judgment upon a verdict so rendered this appeal is prosecuted.

No evidence was presented on behalf of the defendant. The testimony of plaintiff in error established the engagement and the services rendered. The testimony of another witness established that defendant in error, in a former trial, wherein it was sought to charge Mr. Cowen with liability in the same matter, testified that he alone was liable for

the services rendered by the plaintiff in error; that he had employed plaintiff in error, and that his copartner, Cowen, had nothing to do with the matter.

James Harvey Hooper, attorney for plaintiff in error.

Maurice M. Houseman, attorney for defendant in error.

Mr. Justice Sears delivered the opinion of the court.

The only question presented upon this appeal is as to the propriety of the instruction peremptorily directing a verdict for defendant in error.

The instruction was evidently given upon the theory that the liability for the services rendered by plaintiff in error was a copartnership liability resting upon defendant in error and Mr. Cowen, and that the suit should have been brought against both.

But there was evidence, not only tending to establish, but establishing, that the engagement of plaintiff in error was the personal undertaking of defendant in error.

The positive admission of the defendant in error, made while testifying under oath, was, when taken in connection with the testimony of the plaintiff in error, and while uncontradicted, quite sufficient to warrant a verdict for the plaintiff in error.

One member of a copartnership may obligate himself personally, if he chooses so to do, in a matter of the firm's business.  Sylvester v. Smith, 9 Mass. 119.

And this, although the whole benefit of the transaction is enjoyed by the firm.  Watt v. Kirby, 15 Ill. 200; Funk v. Babbit, 156 Ill. 408.

The question of whether it was an undertaking of the firm or by the defendant in error individually was, like other questions of fact, an issue to be determined by the jury.  Stecker v. Smith, 46 Mich. 14; Pond v. Starkweather 99 N. Y. 411.

For the error in peremptorily directing a verdict for the defendant in error, the judgment is reversed and the cause is remanded.