King, J.,
delivered the opinoin of the court.
Appellee brought its suit to' recover from appellant the sum of $674.18, with interest, upon a complaint which alleged that between the 28th day of July and the second day of September, 1910, plaintiff sold and delivered ff> defendant certain goods, wares and merchandise of the reasonable value of, and for which the defendant promised to pay, the sum sued for. For his first defense, defendant denied each and every allegation of the complaint, except that plaintiff is a corporation; and for a further defense alleged that the goods, wares and merchandise for which the defendant was sued were sold to and purchased by Louis W. Buckley and J. F. Miller, or a certain committee of the Loyal Order ofMoose, and not to or by defendant, and that he did not, in writing, promise or agree to pay the indebtedness so> created.
On the issues made, judgment was rendered for the plaintiff, from which defendant appealed.
The evidence tended to show, and was sufficient upon which to base a finding, that on or about the 25th day of July, 1910, the defendant and said Buckley and Miller entered into a written agreement to build, construct, equip, stage and promote a circus, thereafter called the Moose circus; that each .should give his time, or a portion of his time, thereto; that defendant Bloom should furnish the funds or arrange for the credit necessary for the preliminary expenses of building and equipping the circus, and that the net profits to be derived from the- circus should be equally divided among the three. Other agreements were made, which are not necessary to mention. On or before the 28th day of July, and apparently in pursuance of the agreement mentioned', the said Buckley presented or had presented to plaintiff orders for materials, *258 which plaintiff delivered; but before delivering or agreeing to deliver any thereof, plaintiff inquired of defendant as to who would be responsible for the goods, and was by him told that they were for the Moose circus, but to “send the bill to him, that he would see to- the payment of the bill, and! would guarantee its payment.” All goods were delivered on the credit of said statement, with the exception of a small order which was made directly by defendant, with- instructions to charge the same tq J. C. Bloom & Company. In some respects the testimony is conflicting, and it will be presumed that the conflict was resolved in plaintiff’s favor.
1. We think the oral testimony, taken together with the written agreement mentioned, establishes a partnership between the defendant and Buckley and Miller in the enterprise for which the merchandise was furnished by the plaintiff, and therefore a joint liability of the three for the indebtedness; but if there be any doubt as to- the agreement’s constituting a partnership, it cannot be doubted that the three promoters were jointly interested in the enterprise and in the profits, ordered the goods pursuant to the agreement tO' equip and carry on the circus, and that, as co-principals, they were jointly, if not jointly and severally, liable for the value of the goods. Dumanoise v. Townsend, 80 Mich. 302, 45 N. W. 179. It is contended by appellant that, under this proof, the judgment against the defendant individually cannot be sustained; and while we think that if plaintiff had knowledge of the relations between defendant and his associates at the time it brought the suit, it should have been brought against all of them, as partners or otherwise, nevertheless, we think appellant is not in a position to take advantage of the failure to so bring the suit, for by his failure to plead the non-joinder of his co-partners or co-principals, he waived that defect in the complaint. — Mason v. Eldred, 6 Wall. 231, 235, 18 L. Ed. 783; Jones v. Langhorne, 19 Colo. 206, 210, 134 Pac. 997; Section 55 Mills’ Ann. Code, Section 61 Rev. Code 1908; 30 Cyc. 533.
*259 In Mason v. Eldred, supra, it is said that a co-partner’s liability to third persons is so far several that if he is sued alone on a co-partnership contract or liability, and does not plead the non-joinder of his co-partners, a recovery may be had against him for the whole amount due on the contract. And in Jones v. Langhorne, supra, our Supreme Court, after holding that in this jurisdiction all the partners must be joined as defendants in an action to enforce a partnership liability, states, with approval, the general rule that where a partner is sued individually for a firm debt, he must plead the misjoinder, in order that he may avail himself of this defense; and such we understand is the purport and effect of the provisions of section 55 Mills’ Ann. Code, section 61 Rev. Code 1908, which provides that unless such objections as nonjoinder, etc., are taken by demurrer or answer, the defendant shall be deemed to have waived the same. Such objection cannot be successfully interposed at the trial or upon appeal, upon the ground of variance. — Barry v. Foyles, 26 U. S. 311, 317, 7 L. Ed. 157; Waits v. McClure, 73 Ky. 10 Bush 763, 765.
2. Appellant’s contention that his individual promise to see that the bill was paid, or that he would guarantee its payment, as shown by the evidence, was within the statute of frauds, as “a special promise to answer for the debt, default or miscarriage of another person” cannot be sustained. Conceding that such promise on his part was a promise to pay the debt of a co-partnership of which, he was a member, or of co-principals who were jointly liable with him, nevertheless, it does not constitute a special promise to- answer for the debt of another person, within the provisions of the statute of frauds relied on.
“On the principle that the statute has no application where the undertaking is on the part of the promisor to pay his own debts, a parol promise by a partner to- pay the debt of a firm of which he is a member is not within the statute.” — - Smith on the Law of Fraud and the Statute of Frauds, section 333; Brown on the Statute of Frauds, section 164; Duma *260 noise v. Townsend, 80 Mich. 302, 45 N. W. 179; Davis v. Dodge, 30 Mich. 267; McIntyer v. Houseman, 98 Ill. App. 76; Weatherly v. Hardman, 68 Ga. 592; Reid v. Wilson Bros., 109 Ga. 424, 34 S. E. 608; Schindler v. Euell, 45 How. Prac; (N. Y.) 33, 35; Wilson v. Dozier, 58 Ga. 602; Douglas v. Jones, 3 E. D. Smith (N. Y.) 551; 20 Cyc. 167, IV. B. And the same rule applies where two are co-principals, although a partnership does not exist. — Smith on Statute of Frauds, section 333; Dumanoise v. Townsend, supra.
Nothing can be plainer than that the enterprise of promoting, equipping and carrying on the Moose circus was a joint undertaking' for the mutual benefit of Bloom and his two associates, and it is immaterial whether, technically, as between the three, appellant was a partner or not; he was jointly interested as a principal, and as such his promise to pay or guarantee the payment of the bill was a promise to pay his own debt.
The judgment is affirmed:

Affirmed.