*W. D. Buie,* contra.

---

### 16731. RAMBO *v.* GOLDIN, executor, *et al.*

JENKINS, P. J. 1. "This court, by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors of law alone, and therefore has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of the evidence, if there is any evidence at all to support it." *Edge* v. *Thomas,* 9 *Ga. App.* 559 (71 S. E. 875). The constitutional amendment of 1916 in no wise changed this rule.

2. The defendant swore positively to a state of facts which, if believed by the jury, would authorize a verdict in his favor. This court can not say as a matter of law that his evidence, taken as a whole and construed most strongly against him, had no probative value in establishing his defense. It is true that he acknowledged writing the letters put in evidence by the plaintiff, but he gave as an explanation, not inconsistent with their contents, that they pertained to a different transaction, and the evidence of the plaintiff himself showed that there were other transactions of similar nature. It is also true that on cross-examination the defendant, when questioned about the relative dates, nine or ten years in the past, of the note sued on and the policy involved, testified that he "did not think" a certain state of facts relative to the respective dates of the two instruments was correct, but the quoted phrase did not change the character of his evidence from that of testimony as to a matter of fact, but only implied a state of impaired memory as to the transaction, such as would affect only its probative value. The same is true as to his testimony on cross-examination relative to later admissions, when he stated that he did not remember having made certain statements inquired about. See, in this connection, *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751, 752 (7) (12 S. E. 18).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 14, 1926.

Complaint; from Haralson superior court—Judge Irwin. June 27, 1925.

*Lloyd Thomas,* for plaintiff in error.

*Griffith & Matthews,* contra.

---

Appeal and Error, 4 C. J. p. 843, n. 65; p. 862, n. 26.
Courts, 15 C. J. p. 1039, n. 54.