## BOYKIN, administrator, *v.* BOHLER.

1. The exceptions pendente lite are not referred to in the brief of counsel for the plaintiff; and consequently the assignment of error on them in the bill of exceptions will be treated as abandoned.
2. The excerpts from the charge of the court, to which exceptions are taken in the motion for a new trial, when considered in connection with the entire charge and the instructions of the court therein as a whole, are not erroneous for any reason assigned.
3. To instruct a jury that "whether a given state of facts constitutes a

Appeal and Error, 3 C. J. p. 1410, n. 42; 4 C. J. p. 1029, n. 30; p. 1033, n. 37.

Frauds, Statute of, 27 C. J. p. 167, n. 52.

Husband and Wife, 30 C. J. p. 724, n. 30; p. 740, n. 37, 43; p. 741, n. 66, 70; p. 1028, n. 28, 29; p. 1035, n. 44, 45.

Partnership, 30 Cyc. p. 533, n. 39; p. 534, n. 41.

Trial, 38 Cyc. p. 1622, n. 46; p. 1693, n. 55; p. 1694, n. 57; p. 1698, n. 17.

debt, and if so who is the debtor, are both questions of law," even if inaccurate as a statement of the law as of universal application, is not in this case such an error as to warrant the grant of a new trial. The sentence quoted, as qualified and explained by its context, could not have misled the jury or worked any hurt to the losing party in the court below. Conceding, but not at this time deciding, that the hypothesis presented by the trial judge presented questions of fact alone, it is plain from the context that the use of the word "law" instead of the word "fact" may be treated as a mere slip of the tongue; for, immediately following the language of which complaint is made, the judge explained in detail what facts must be found by the jury to constitute a debt, as well as what facts were necessary to be established to entail liability for the debt in a case like the present, where a wife is resisting the payment of the debt upon the ground that the obligation was not an original undertaking upon her part. So it can not be said, even if the propositions stated in the excerpt from the charge of which complaint is made are not strictly matters of law, and though what constitutes a debt and who is the debtor in a particular case constitute, as we apprehend, a question of mixed law and fact, that harm resulted to the plaintiff in error. Assuming that the jury found what was the fact as to all of the hypothetical cases stated by the judge, his instructions as to what would be the proper result under the facts as the jury should find them was, after all, a matter of law. Had the instruction of which complaint is made been all that was said by the judge in this connection, an error might have been committed; but with the amplified instructions given in connection therewith as they appear in the record, it became entirely immaterial whether these subsequent full and accurate instructions were matter of law, matter of fact, or presented a mixed question of law and fact. The real issue in the case, as contended by plaintiff in error, "was as to the party liable for the debt and as to the party who created the debt," but the judge did not take away from the jury "all right to consider the facts in the case so as to determine whether or not Mrs. Bohler was the original debtor."

4. In the course of his instructions in connection with the language used of which complaint is made as set out in the preceding headnote, the jury were told by the court that "if you find that the note and deed were given for the firm's debt and not her debt, then the defendant would not be liable in this case." This was a correct statement of the law; and if fuller or more specific instructions were desired, an appropriate request should have been timely presented. "The debt of a firm is as much the debt of each partner until paid as it is the debt of the firm."

5. An instruction to the jury that "if she [the wife] gave the security, and it was her debt and not the debt of the firm of W. O. Bohler," that would be binding upon the defendant; but if the debt was not her debt but the debt of the firm of W. O. Bohler & Company, she would not be liable, is not subject to the objection that it limited the jury to finding that the note and deed were given for the debt originally created by the defendant.

6. According to the evidence introduced in this case, the offer to sell (which created the basis of the indebtedness upon which the action is

predicated) was not made to Mrs. Bohler. The jury were authorized to find from the evidence that the predecessor of the present administrator asked the wife for her land as security for the debt, but the sale was to remain as made; and there is ample evidence to authorize the jury to find that the sale was made to W. O. Bohler & Company and the goods sold delivered to that firm. Under the evidence before the jury, the note and deed given by the defendant was not binding upon her as a married woman, because it was a debt of the partnership of which her husband was a member, and it is immaterial whether the debt was assumed as security or paid as her husband's debt at the insistence of the creditor who knew all the circumstances upon which the payment was being made.

7. The court did not err in overruling the motion for a new trial.

No. 5453. FEBRUARY 19, 1927.

Complaint. Before Judge Perryman. Wilkes superior court. May 1, 1926.

*Clement E. Sutton,* for plaintiff.

*R. L. J. Smith* and *B. W. Fortson,* for defendant.

RUSSELL, C. J.  F. H. Cullars, as administrator of the estate of John B. Cullars, deceased, brought suit against Mrs. Emma C. Bohler on four notes, each for the sum of $942.12, and identical in form except as to the several dates of payment, less certain credits aggregating $1,023.44, praying that he have judgment for the sum of $2,862.53, with interest and attorney's fees, and a special lien upon certain realty given as security for the debt, copy of which was attached to the petition. In her original answer the defendant admitted the execution of the notes, but alleged that she was not indebted to the plaintiff in any sum whatever, because the notes were given for a debt of her husband, W. O. Bohler. She admitted a prima facie case in the plaintiff and assumed the burden of proof, demanding the right to open and conclude. Thereafter, F. H. Cullars having died and J. H. Boykin having qualified as administrator de bonis non, the latter was substituted as plaintiff in the cause. The defendant filed two amendments to her answer, one amplifying the statement that the debt was that of her husband and that she was compelled by him against her will to sign the note and deed in question, and the other that the debt was the debt of a partnership known as W. O. Bohler & Company, composed of her husband and M. C. Hitt Jr.; and alleging that she was in no way concerned with the consideration of the note, received no benefit from it, and was forced to sign the notes and deed in question by the insistence of her husband. The plain-

tiff demurred to both of the amendments; the demurrers were overruled, and the plaintiff excepted pendente lite. The trial resulted in a verdict in favor of the defendant, and in favor of a decree cancelling the deed executed by her as security for the notes.

1. The exceptions to the overruling of the plaintiff's demurrer to the amendments offered to the defendant's answer were duly preserved in the bill of exceptions. However, as no complaint is made here as to this ruling of the court below, and indeed the exceptions pendente lite are not even referred to in the brief, the assignment of error on them in the bill of exceptions will be treated as abandoned.

2. The excerpts from the charge of the court to which exceptions are taken in the first six grounds of the amendment to the motion for a new trial, when considered in connection with the instructions of the court as a whole, are not erroneous for any reason assigned. In the first ground it is assigned as error that the court, by charging that the question for the jury to settle was whose debt it was (that is, whether it was the debt of the wife, the ostensible maker of the note, or the debt of W. O. Bohler & Co.), limited the jury to one issue, that is, the inquiry as to what person created the debt originally. An examination of the record and a consideration of this exception convinces us that the exception is without merit. The excerpt from the charge to which exception is taken is as follows: "Now the question for you to settle is whose debt this was. If it was the debt of the firm of W. O. Bohler & Company, then the defendant in this case is not liable. When I refer to the defendant you will understand that I am referring to Mrs. Bohler, and when I refer to the plaintiff you will understand that I am referring to the estate of John B. Cullars. If it was her debt, then she is liable. That is the issue for you to try under the evidence and under the law which the court will give you in charge." In the assignment of error the plaintiff seems to stress the statement that Mrs. Bohler had started the firm of W. O. Bohler & Co. in business by lending them money, and was actually engaged as a clerk in the store. Movant argues "that the jury had a right to consider whether the debt was created originally by W. O. Bohler & Co., and whether Mrs. Emma C. Bohler pledged her property to pay the firm's debt, whereas by the charge referred to the jury was limited to the sole question as to whether Mrs.

Bohler created the debt herself, as originally made." We can not agree to this contention. It is true that in this portion of the charge, where the court was dealing with only a part of the issue, the charge in effect told the jury that if it was not Mrs. Bohler's debt she was not liable; but this was not error, because it was undisputed that the defendant was a married woman at the time she signed the note, and the large preponderance of the evidence tended to show that the purchase of the Cullars stock was never her original undertaking, but that she merely assumed the debt for a stock of goods previously purchased by her husband as a partner in the firm composed of W. O. Bohler and M. C. Hitt Jr. The evidence is that the terms of the original sale were that Cullars, as administrator of his father, would secure himself only by taking a mortgage upon the stock of W. O. Bohler & Co. It is undisputed that under this contract of purchase the goods of John B. Cullars, deceased, were moved from Goshen, Lincoln County, to the store of W. O. Bohler & Co., in Washington, Wilkes County. The evidence is undisputed that thereafter, upon F. H. Cullars, the administrator, informing Bohler & Co. that the heirs of his father wanted real-estate security, Bohler persuaded and procured his wife to give her individual note and deed in question, in lieu of the first arrangement under which the purchase-price was to be paid. There was evidence from some witnesses in behalf of the plaintiff, of alleged declarations by Mrs. Bohler or by her husband in her presence at the Cullars store in Lincoln County, which indicated that Mrs. Bohler herself was the purchaser; but as to this contention of the plaintiff the court charged the jury most favorably under the facts of the record as they appear to us. The court instructed the jury: "If you believe that this was an original purchase by Mrs. Bohler, or if you believe that even though the first contract was made with Bohler & Co. and she made a contract to take the place of the first contract, and she was substituted for the original parties, this would be the creation of an original debt on her part, and she would be liable." It is well settled, of course, that a married woman may contract in her own name, and she can in some instances borrow money to pay her husband's debts; and in this case the judge charged the jury that she could bind her credit for financing a partnership even though her husband was one of the partners; but it is equally well settled that a married

woman can not lawfully assume the payment of the debt of her husband or become surety either for her husband or for any other person. We therefore find no exception to the language of the judge in directing the jury to ascertain from the facts whose debt it was that was represented by the notes which were signed by Mrs. Bohler. The fact that she executed the notes ostensibly as the principal would make no difference whatever, if there was evidence sufficient to satisfy the jury, as we think there was, that the debt which was the real consideration of the note and deed she gave was a debt growing out of a contract of purchase by W. O. Bohler & Co. of the stock of goods in the possession of the administrator of J. B. Cullars, for the exclusive benefit of W. O. Bohler & Co., Mrs. Bohler not being a member of that firm. The fact that she loaned the firm of Bohler & Co. funds with which they started their business, if the jury believed that that was the truth of the case, and that she held their notes for this debt, or the further fact that she was a clerk in their store, would not impose any obligation upon her to assume the debt of the partnership to Cullars, as it seems she did in this case. The two transactions are entirely distinct, and certainly a partnership in a business is not created by becoming a creditor of the partnership.

3. In the second special ground of the motion for a new trial complaint is made that the court erred in charging the jury: "I charge you, gentlemen, whether a given state of facts constitute a debt, and if so, who is the debtor, are both questions of law. I charge you as a matter of law, if you find from the evidence that the defendant had her husband to act for her as her agent in this transaction, and that he purchased the stock of merchandise from the plaintiff, and that she signed the note for the purchase-price of the merchandise, and she executed the deed to the land to secure the payment of the debt, then those acts on her part would in law constitute a debt, and the giving of the note and the giving of the deed to secure the same would make the defendant the debtor, unless you should find that the giving of the note and the deed on the part of the defendant in this case was for the purpose of securing the debt of W. O. Bohler & Co.; in which case, though on the face of the note and the deed she would be prima facie liable, if you find that the note and deed were given for the firm debt, and not her debt, then the defendant would not be liable in the

case. In determining whether or not the debt is that of the firm, that is, W. O. Bohler & Co., or that of Mrs. Bohler, you should look to the evidence and ascertain who incurred the personal liability and to whom the credit was extended; and in finding out to whom the credit was extended the jury is authorized, of course, to consider who signed the note and who signed the deed." The plaintiff says that the identification of the debtor is purely a question of fact, and that the court, having charged the jury that it was a question of law, took from the jury the right to consider the evidence and see whether Mrs. Bohler was the original debtor of Bohler & Co., whereas the real issue in the case was as to the party liable for the debt and as to the party who created the debt, and that the charge took away from the jury all right to consider the facts in the case so as to determine whether or not Mrs. Bohler was the original debtor. In our opinion the criticism upon the excerpt from the charge can not be sustained. While of course the question as to who was the debtor was to be determined by the evidence, as the court instructed the jury to consider it in the conclusion of the excerpt, still the jury were required at last, in the solution of the question, to apply the law as to which they were given full instructions by the court; and therefore the language employed by the court, even if not fully accurate, was not misleading to a jury of ordinary intelligence. The instruction of which complaint is made, even if erroneous, affords the plaintiff no ground for complaint, for it was more favorable to the plaintiff than he was entitled to receive. In charging the jury that if they found from the evidence that the defendant had her husband to act as her agent in the transaction, "the purchase of the goods and the giving of her note would constitute a debt," the court suggested a theory favorable to the plaintiff which was not authorized by the evidence, and which was an inaccurate statement of the law tending to the prejudice of the defendant. If this portion of the excerpt rendered the instruction misleading, it certainly did not tend to prejudice the rights of the plaintiff. The portion of the instruction in which the jury were told, "if you find that the note and deed were given for the firm's debt and not her debt, then the defendant would not be liable in this case," was of itself a correct statement of the law; and if fuller or more specific instructions were desired, an appropriate request pointing out what additional

phase of the case was desired to be called to the attention of the jury should have been timely presented. By the provisions of the Code, a wife can not assume her husband's debt, and she may recover money which she voluntarily pays in discharge of her husband's obligations. The case is not altered if the debt due by the husband is in his capacity as a partner, for he is individually bound for the entire partnership debt. To use the language of Mr. Justice Crawford in *Weatherly* v. *Hardman,* 68 *Ga.* 592, 593, "the original liability was not only against the firm, but each individual member thereof. The debt of a firm is as much the debt of each partner until paid as it is the debt of the firm." See also *Wilson* v. *Dozier,* 58 *Ga.* 602; *Reid* v. *Wilson,* 109 *Ga.* 424, 427 (34 S. E. 608). In the latter case Mr. Justice Fish, delivering the opinion of the court, said: "The debt of the partnership is the debt of each of its members, and a new promise by one or more of the partners, made after the dissolution of the firm, to pay a partnership debt, is not, within the meaning of the statute of frauds, a promise to pay the debt of another."

4. In the third special ground the movant complains that the court charged: "I charge you, gentlemen, that if she gave the security and it was her debt and not the debt of the firm of W. O. Bohler, then that would be binding upon the defendant in this case. But if you believe by a preponderance of the evidence in this case that the debt was not her debt, but was the debt of the firm of W. O. Bohler & Co., she would not be liable therefor." The exception to this portion of the charge is that it was a repetition of the error complained of in the preceding ground last referred to, and that the instruction "limited the jury to the fact that they must find that the note and deed were given for a debt created originally by the defendant, whereas movant says that the deed and note were valid even though given for a debt formerly created by Bohler & Co., provided the defendant substituted herself as original promisor by lending her credit to the firm, the facts showing that she started the firm in business and drew a regular salary therefrom." We can not hold this assignment of error to be meritorious. For the reasons stated in ruling upon the first ground, the nature of the instructions of the court in this case as a whole, so far from limiting the jury to any particular theory, were extremely favorable to the plaintiff, and fully presented the

theory that it was within the power of the wife to contract as a feme sole. The court would have erred had he instructed the jury, as plaintiff contends, that the deed and note could be rendered valid even though given for a debt formerly created by Bohler & Co., especially had the jury been instructed that a lending of her credit to the firm, consisting in the fact that she loaned the firm the money on which the business was started and drew a salary therefrom was the basis upon which such an instruction was predicated. According to the undisputed evidence in this case, the former administrator, who is now succeeded by the present plaintiff, did not offer to sell to Mrs. Bohler. He asked for her land as security for the debt. The sale was to remain as made. It was made to W. O. Bohler & Co., and the goods as sold to that firm were delivered to that firm. She was to give her land as security for an obligation of the firm to the administrator for the purchase-price of certain goods which had already been inventoried. No new sale was made; merely a different method was adopted of securing a sale already made. Bohler told his wife the administrator wanted her to give her property as security for the goods he had bought, not for her but for the firm, for the partnership debt, not hers, and procured her consent to give security for his debt. *Weatherly* v. *Hardman,* supra. Bohler reported this back to the original plaintiff, and he was a party to the whole scheme. In fact he demanded it, and with the assistance of her counsel the plaintiff closed the matter up himself. So whether the note and deed were given by Mrs. Bohler as an assumption of the debt of her husband or as security for the firm, or in extinguishment of the debt, it was not binding upon her.

*Judgment affirmed. All the Justices concur.*