31638.   FULCHER *et al. v.* FULCHER.

DECIDED JULY 16, 1947.

*W. M. Lesler, Starkey S. Flythe,* for plaintiffs.
*William P. Congdon,* for defendant.

GARDNER, J. ■  As to the general grounds, we have read the evidence carefully. It is in some respects conflicting. The superior court in the trial of the appeal, allowed both sides what we might term a broad range in presenting their evidence and contentions. It appears from the record that the widow and the deceased had been married for eleven years prior to the death of the husband; that they had worked together in their business enterprises, accumulated some property and had reached and main-

tained a standard of living which on the testimony of a number of witnesses for the appellee would take from $200 to $300 per month for the widow to maintain. We will not go into detail as to this evidence. The estate was solvent, under the record. This being true, since there was evidence to sustain the verdict, this court is without authority of law to set it aside. *Cook* v. *McMurria,* 19 *Ga. App.* 491 (91 S. E. 785); *Smiley* v. *Twitty,* 24 *Ga. App.* 629 (1) (101 S. E. 584); *Rambo* v. *Goldin,* 35 *Ga. App.* 413 (133 S. E. 297). If it may be conceded that the facts in the instant case are doubtful, then in such event we do not think this court would be authorized to reverse the judgment overruling the motion for a new trial. In *Craps* v. *Hunter,* 58 *Ga.* 602, the court said: "In all doubtful cases of mere fact, the jury and the presiding judge are more competent to reach the truth and do justice than a court of review." The assignments of error on the general grounds are not meritorious.

■ Special ground 1 assigns error because the court permitted, over the objections of the appellants, a witness to testify concerning the doctor's bills which were paid on behalf of the deceased during the year prior to his death. It is contended that this evidence was immaterial, of no probative value, and was prejudicial to the appellants. Under the record in this case we can not say as a matter of fact that this testimony did not reflect some light on "the circumstances and standing of the family previous to the death of the intestate" and also the "solvency of the estate." This ground is without merit.

■ Special ground 2 assigns error because the court admitted testimony of a witness, over objections of the appellants, that the deceased's illness, from the time a farm was sold and the time of his death, cost $6000. It was argued that this testimony was immaterial and of no probative value and was prejudicial and harmful to the cause of the appellants. For the same reasons that we have stated in the next preceding division of this opinion, this ground is without merit.

■ Special ground 3 assigns error upon an excerpt from the charge of the court. That excerpt is: "I will charge you this, gentlemen, the widow is entitled to support in the same or similar circumstances in which they have lived before, and out of the husband's estate." It is contended that this charge was erroneous

and not sound as an abstract principle of law. By reference to the charge of the court on this subject, it is found that the court almost immediately thereafter and in connection therewith, said: "and also it is for the commissioners to determine the solvency or the insolvency of the estate. Also keep that in mind so as to set aside a sufficient amount that would support her in the usual circumstances to which she had been accustomed." The Code, § 113-1002, provides that the widow is entitled to support for the period of twelve months from the date of the administration "to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate." We have studied the excerpt on which error is assigned in the light of the full charge of the court on the subject as applied to the provision of the Code, and we fail to find any reversible error in it. It seems to us that the charge is in substantial compliance with the provisions of the statute.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*